Country Mutual Casualty Company, Formerly Illinois
Agricultural Mutual Insurance Company, Plain-
tiff-Appellant, v. Inez Van Duzen et al., and the
American States Insurance Company, Defendants-
Appellees.

Gen. No. 10,683.

Opinion filed August 11, 1953. Released for publication August 28, 1953.

MAYNARD & MAYNARD, of Rockford, for appellant.

BURRELL & HOLTAN, of Freeport, for certain appellee; DAVID M. BURRELL, of Freeport, of counsel.

MR. JUSTICE ANDERSON delivered the opinion of the court.

On August 4, 1950, the Country Mutual Casualty Company, plaintiff-appellant, had in force an automobile-insurance policy issued to Inez Van Duzen, defendant-appellee. The policy indemnified the assured

for liability that might be incurred by her in the operation of an Oldsmobile motor vehicle. Inez Van Duzen is the mother of Lynn Van Duzen, also defendant-appellee, who was on the above date and at the time of the accident hereinafter mentioned, a minor about eighteen years old. He lived with his parents and was self-employed, collected his own wages, and looked after his own business affairs. He had purchased an Oldsmobile automobile, but due to his minority, the certificate of title and the insurance policy were taken in the name of his mother. The car was purchased for his use, although with his consent it was at times used by his mother. The car was financed in his mother's name but he made the payments. The certificate of title was kept by the finance company. On August 4, 1950, Lynn Van Duzen traded his Oldsmobile for a Chrysler owned by Robert Lowery, also a minor about eighteen years old who managed his own business affairs and lived at home with his parents. Because of his minority the title of the Chrysler was taken in the name of his mother, Loretta Lowery, defendant-appellee, but Robert Lowery had full possession and control of this car. The trade was completed and Lynn Van Duzen took possession of the Chrysler and Robert Lowery of the Oldsmobile. The license plates on the respective cars were changed. The American States Insurance Company, defendant-appellee, at the time of the trade, had in effect on the Chrysler a policy of automobile liability insurance similar to the plaintiff's policy on the Oldsmobile. On October 1, 1950, Lynn Van Duzen, while operating the Chrysler, was involved in an automobile collision in which J. W. Kabella, Mary Kay Kabella, Forrest Davis, and Irene Davis, defendants-appellees, were involved. On February 19, 1951, these parties commenced suit in the circuit court of De Kalb county, Illinois, for personal injuries against Lynn Van Duzen and Loretta Lowery. On March 19, 1951,

115

the plaintiff received an undated letter signed by Inez Van Duzen advising it of the accident and enclosing the summons served on her arising out of the personal injury suit. This letter was the first notice received by the plaintiff of the change of ownership of the cars, of the accident, or of the lawsuit. A few days after receipt of this letter, plaintiff filed its complaint in the circuit court of De Kalb county against all the persons above mentioned except Robert Lowery. In this suit the plaintiff asked the court to find by a declaratory judgment that it owed no duty to defend the lawsuit or pay any loss under its policy because it was given no notice of the change of ownership or of the accident as provided in the policy.

After a hearing the court denied plaintiff the relief sought and adjudged that it was liable under the terms of the policy. The court also held that the American States Insurance Company who had filed an answer and a counterclaim for a declaratory judgment owed no duty to Lynn Van Duzen to defend the personal injury suit or pay any judgment awarded therein. The plaintiff has appealed but has not appealed as to that part of the judgment entered concerning the American States Insurance Company.

 The American States Insurance Company, evidently fearing that it might be involved in the appeal, filed a motion to be dismissed as party to the appeal. This motion was taken with the case. There are no cross-appeals appearing in the record. The case was argued orally by the attorneys for the plaintiff and by the attorney for the American States Insurance Company, his argument being based on the theory that his client should be dismissed from the appeal. In the above state of the record, this motion of the American States Insurance Company was well-taken and should be and is allowed. The other defendants-appellees have filed no briefs. Under our present rules

116

we must decide the case on its merits regardless of this. If these appellees have a meritorious defense, we think that they owe a duty to the court to file briefs. If they have no defense, they should have confessed error.

██ The plaintiff first argues that the trial court committed error in holding that the plaintiff was liable regardless of the fact that no notice of the transfer of ownership was given. The policy of insurance provided that if the insured acquired ownership of another automobile replacing the automobile described in the policy, the insurance should be in effect for thirty days from the date of the delivery; that "if . . . the policy is to be transferred for more than the thirty-day period, the insured shall file with the company on or before the expiration of the thirty days, a written request for transfer of coverage to such newly acquired motor vehicle together with such information as is needed in making the transfer." The evident purpose of this provision is to permit the owner of the automobile to change automobiles and still have the insurance effective for a period of thirty days and that after the thirty-day period he must notify the company of the change of cars so that the company may determine whether or not it wishes its policy to remain effective on the newly acquired car. In *Mitcham v. Traveler's Indemnity Co.,* 127 F. (2d) 27, the court was called upon to construe a similar provision. In that case the period was ten days. The notice was not given within the ten-day period and the insured was involved in an accident after that time. The court held that there could be no recovery under the policy. The court said:

". . . The requirement of notice was of obvious importance to the company. Amongst other purposes it served to inform the company of the identity and character of the vehicle to be covered by its policy and to enable the company to exercise the rights re-

117

served to it in the policy and to ascertain whether the insured had complied with his obligations thereunder. It cannot be said that the policy provision was so immaterial to the risk that it could not be invoked for the purpose of avoiding the company's contractual liability. Sly v. American Indemnity Co., 127 Cal. App. 202; 15 Pac. 2d 522. The failure to give the notice was fatal to the claim of the administratrix and the injured person that the car was covered by the policy when the accident took place."

██ ██ The same question was considered in *Blixt v. Home Mutual Ins. Comp.*, 145 Neb. 717, 18 N. W. (2d) 78 and in *Maryland Casualty Co. v. Toney*, 178 Va. 196, 16 S. E. (2d) 340 and it was held that similar provisions for notice of exchange of ownership after a ten-day period were material conditions of the policies and that non-compliance would prevent recovery against the insurance company. An examination of the abstract of the record discloses that no notice of transfer of ownership was ever given by Inez Van Duzen or Lynn Van Duzen, and the only notice the company ever received was the notice in March 1951, of the accident. The company under the terms of the policy was entitled to this notice and it was material to the risk that they might later assume. When they were given information as to the kind of new automobile acquired they could then determine whether or not they wished to assume the risk. If they did not wish to assume this risk, they then under the terms of the policy could cancel it. It would be material to the risk to be assumed by the company that they know the kind and the mechanical condition of the car acquired by the policyholder.

██ In view of the plain provisions of the policy and the law as above stated, we find that the Van Duzens did not comply with the terms of the policy as to the transfer of ownership, and hence plaintiff was

entitled to a declaratory judgment as prayed in its complaint, and the Van Duzens and the other defendants involved in the automobile collision cannot look to the plaintiff for indemnity.

Plaintiff further argues that lack of immediate notice of the accident to the company entitles it to declaratory judgment as prayed in its complaint. The policy in question provides that upon occurrence of any accident, immediate written notice shall be given the company with full particulars as to the accident; that failure to give immediate notice shall not invalidate any claim if it be shown not to have been reasonably possible to give immediate notice. If a suit is brought against the assured, he shall immediately forward to the company the summons or process served upon him. The policy further provides, under what is termed "General Exclusions," that it shall not be effective unless the insured shall comply with its conditions with respect to notice of the accident.

■■ In *Phelan v. New Amsterdam Casualty Co.,* 5 F. Supp. 810, a policy contained provisions requiring immediate written notice of an accident. The notice was not given for some five months after the accident, and the court held that the notice was not given within a reasonable time and the insured could not recover. The purpose of this provision in the policy is to enable the insurer to ascertain the facts and circumstances surrounding the accident, to interview the witnesses while their memories are fresh, so that the insurer may be prepared to properly defend or to settle the suit brought against the insured. Time is of the utmost importance in determining the above facts. (*Forbes Cartage Co. v. Frankfort Marine, Accident and Plate Glass Ins. Co.,* 195 Ill. App. 75.)

■■■ In *Simmon v. Iowa Mut. Casualty Co.,* 350 Ill. App. 1, 111 N. E. (2d) 374 (Advance Sheets), this court recently had occasion to pass upon a similar

question. A judgment was obtained against the plaintiff for negligence in the operation of a motor vehicle. She thereafter brought suit against the defendant insurance company who had issued a policy agreeing to pay any judgment obtained against her arising out of her operation of the insured automobile. The defendant contended in the suit that it had not been given notice of the accident for more than a month after it occurred. The policy provided that such notice should be given "as soon as practical." We held that proper notice had not been given under the terms of the policy, and the defendant insurance company was not liable. It was insisted by the plaintiff that this ground was not available as there was no showing that the defendant had been prejudiced by the delay. We held that the Supreme Court had already passed on this question and that such words as "that notice be given immediately, forthwith, as soon as possible, as soon as practical" mean that the notice shall be given within a reasonable time under the circumstances of each case. The opinion cites: *Niagara Fire Ins. Company v. Scammon,* 100 Ill. 644; *Scammon v. Germania Ins. Company,* 101 Ill. 621; *Knickerbocker Ins. Co. v. Gould,* 80 Ill. 388. Where there is no dispute as to the facts in a case, it is a question of law whether due diligence has been used in giving notice of a loss. (*Knickerbocker Ins. Co. v. Gould, supra.*) This rule was followed by the Supreme Court of Massachusetts in *Depot Cafe Inc. v. Century Indemnity Co.,* 321 Mass. 220, 72 N. E. (2d) 533, quoted in the *Simmon* case, where the court said that what is a reasonable time to give notice of a loss under an insurance contract which requires such notice when the facts are not in dispute, is a question of law to be decided by the court.

We also held in the *Simmon* case that the insured breached the material terms of the policy in failing to give the notice within a reasonable time. For

120

this reason the insurance company was relieved of liability. The opinion cites *Firebaugh v. Jumes,* 341 Ill. App. 1.

▉▉▉▉ In the instant case the policy required the insured to give immediate notice and if this was not possible, to give notice as soon as reasonably possible. There is no dispute that the notice was not given for more than six months and no reason appears in the record for the delay. Under the law as above announced by this court in the *Simmon* case, failure to give reasonable notice precludes recovery and relieves the plaintiff from any liability for the loss incurred. It is the opinion of this court that the insured did not comply with the terms of the policy, and the plaintiff was entitled to a declaratory judgment finding that it was not liable. Neither is it required to defend the personal injury lawsuit or pay any judgment that may be rendered therein.

▉▉▉▉ Accordingly, for the reasons above stated, the judgment of the trial court is reversed and it is directed to enter judgment consistent with this opinion.

*Judgment reversed and cause remanded with directions.*