GLENN KENWORTHY, Plaintiff-Appellee, *v.* BITUMINOUS CASUALTY CORPORATION, Defendant-Appellant.

(No. 12612;

Fourth District—May 22, 1975.

Hatch, Corazza, Baker & Jensen, of Champaign (Harold A. Baker, of counsel), for appellant.

Summers, Watson & Kimpel, of Champaign (Philip A. Summers, of counsel), for appellee.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant Bituminous Casualty appeals from the verdict of a jury which awarded plaintiff the costs and attorney fees he incurred because of the breach of the insurer's duty to defend.

Defendant raises two issues for our review: (1) whether the trial court should have directed a verdict in its favor; and (2) were the instructions proper.

On February 6, 1967, a Peoria & Eastern railroad train collided with a car at a railroad crossing in LeRoy, Illinois. One of plaintiff's trucks was parked nearby, unoccupied, along the railroad right-of-way. The occupants of the car brought suit against the railroad. They alleged, among other things, that the railroad had negligently permitted vision to be obstructed at the crossing by allowing vehicles to be parked along the right-of-way.

On April 10, 1968, the railroad informed Kenworthy, by letter, that they considered him actively negligent and primarily liable for the accident. They stated that they might pursue their rights against him, tendered defense of the suit and recommended that he get in touch with his insurance company. Plaintiff Kenworthy died before trial commenced. His wife testified that she saw him write a letter to his insurance agent shortly after April 10, 1968, and stamp it, although she did not see him mail it. Bituminous was the insurer at the time of the accident. Bituminous testified that it did not receive that letter.

Kenworthy received a second letter from the railroad on February 6, 1969. The railroad said that they were preparing to settle with the occupants of the car for $25,000 and would look to Kenworthy for indemnification. This letter Kenworthy sent to his attorney, who forwarded it to Bituminous with a cover letter. Bituminous received it on February 13, 1969. The railroad, in its letter to Kenworthy, said that any contact, if plaintiff had objections to the settlement, must take place before 9 A.M., February 13, 1969. The day the insurer received the letter, Bituminous denied liability on the grounds that it had no duty to defend because the notice provisions of the contract had not been complied with.

Kenworthy hired his own counsel and successfully defended the suit by the railroad. He then brought action against Bituminous to recover his costs and attorney fees. This is the suit on appeal before us. The jury found that Bituminous had breached its contract and that plaintiff's damages were $13,068.45.

Bituminous first contends that a trial court should have directed a verdict in its favor because notice was unreasonably delayed as a matter of law. The sole issue at trial was whether notice of the accident had been given according to the terms of the policy.

> "A provision in an insurance liability policy requiring an insured to give the insurer notice of an accident is a reasonable policy requirement, one which affords the insurer an opportunity to make a timely and thorough investigation and to gather and preserve possible evidence." *Barrington Consolidated High School v. American Insurance Co.*, 58 Ill.2d 278, 281, 319 N.E.2d 25, 27.

The notice requirement in this policy reads:

> "If a claim is made or suit is brought against the insurer, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."

Another provision made this a condition precedent to the company's liability.

■■ "Immediate" in this context has been uniformly interpreted to mean within a reasonable time, taking into consideration all the facts and circumstances shown by the evidence. *Niagara Fire Insurance Co. v. Scammon*, 100 Ill. 644; also see 18 A.L.R.2d 443, 463.

■■ Generally, the question of what is a reasonable time is a question of fact to be decided by the jury. *Barrington Consolidated High School v. American Insurance Co.*; *Higgins v. Midland Casualty Co.*, 281 Ill. 431, 118 N.E. 11.

However, it has also been held that if there is no controversy as to the facts, the question of reasonableness is for the judge to decide. (*Country Mutual Casualty Co. v. Van Duzen*, 351 Ill.App. 112, 113 N.E. 2d 852.) In *Van Duzen*, the insured had waited until 6 months after the accident and 1 month after suit was filed before informing the insurance company. The insured offered no reasons why there had been such a delay.

This is readily distinguishable from the case at bar. From the evidence presented, the duty to inform did not arise until 14 months after the accident. No vehicle of the insured was damaged and there is no evidence the insured even knew about the accident, much less that the railroad might consider him liable, before April 10, 1968. Under these circum-

stances, there could be no duty to notify the insurer before that date. *Hall Construction Co. v. Employers Mutual Liability Insurance Co.*, 43 Ill.App.2d 62, 193 N.E.2d 51.

The insured's wife testified that she had seen him prepare a letter to his insurance agent shortly after April 10, 1968. However, she did not testify that the letter was mailed. Mr. Kenworthy had died before trial, so that there was no testimony the letter had been mailed. Under these facts, there is no presumption that the letter was received. This evidence, therefore, has no probative value on the issue of whether notice was given to the insurance company within a reasonable time.

However, there is another factor present in this case. A jury could have decided that the company suffered no prejudice because of the delayed notice. Prejudice is one of the factors which determines what is a reasonable time in which to give notice. (*Haskell v. Siegmund*, 28 Ill. App.2d 1, 170 N.E.2d 393; *Simmon v. Iowa Mutual Casualty Co.*, 3 Ill. 2d 318, 121 N.E.2d 509.) The purpose of notice is to enable the insured to make a prompt and thorough investigation. Here many months had already elapsed since the accident and, in any case, the insured was successful in denying his liability.

In *Higgins v. Midland Casualty Co.*, notice on an accident insurance policy was not given until more than a year after the accident. The insurance policy stated that notice must be given "as soon as possible." In that case, the court stated that the question of reasonableness of notice was for the jury and it was error for the court to direct a verdict.

■■ We hold that it was proper for the trial judge to submit the question of reasonableness to the jury. Reasonable men could draw contrary inferences from the facts presented. Whether timely notice had been given was therefore a question of fact.

Since the sole issue was a question of fact, a verdict could have been directed only if "all the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 510, 229 N.E.2d 504, 513-514.

If the evidence is viewed in its aspect most favorable to Kenworthy, the jury could have concluded that the insurer suffered no prejudice from the delay and that notice was given within a reasonable time after Kenworthy first had a duty to inform his insurer. Kenworthy did act promptly after the second letter was received.

Bituminous also contends that the trial court erred in the matter of instructions. One error alleged is the refusal of the trial court to give defendant's instruction No. 2 which reads in part, "* * * A reasonable time, however, must take into consideration that time is of the

essence in the performance of conditions in contracts such as the one involved in this case."

Defendant cites no case which supports the giving of this instruction, nor any case which would lead to the conclusion that time was, as a matter of law, of the essence under the terms of the insurance contract. He concedes that "[i]t is also well established that the term 'immediate' connected with giving notice in an insurance contract does not mean at once but means 'within a reasonable time.'" There is no citation to any case which holds that performance of an act "within a reasonable time" makes time of the essence. It was not error to refuse the instruction.

Defendant also urges that the trial judge erred in giving plaintiff's instruction No. 7 which reads:

> "The court instructs the jury that in determining whether the notice was within a reasonable time, you have a right to take into consideration whether the actual notice given prejudiced the ability of the defendant to defend the litigation it was called upon to defend."

Defendant argues that the instruction was a comment on the evidence, injected the "false issue of prejudice" into the case, and invited the jury to disregard the requirement of forwarding notices within a reasonable time.

■■ We do not view the instruction as a comment on the evidence, and while prejudice, or lack of prejudice was not stated as a formal issue in the pleadings it was a question which the jury had a right to consider and to resolve. The question was pertinent to the resolution of the issue of the reasonableness of the notice given. The instruction told the jury that it could consider the question of prejudice; it did not tell them that the resolution of the question, one way or the other, was determinative of the case. Both plaintiff and defendant argued the point to the jury, and the jury could not have been misled by the instruction which correctly stated the law. We therefore hold that the trial judge did not commit reversible error in giving the instruction.

Judgment affirmed.

CRAVEN and TRAPP, JJ., concur.