GWENDOLYN McFARLANE, Plaintiff-Appellant, *v.* MERIT INSURANCE COMPANY, Defendant-Appellee.

First District (5th Division)    No. 77-764

Opinion filed March 23, 1978.—Rehearing denied April 21, 1978.

A. Denison Weaver, of Chicago, for appellant.

Stern and Rotheiser, of Chicago (Gerald M. Rotheiser, of counsel), for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

Plaintiff filed a petition to compel defendant to proceed to arbitration pursuant to the uninsured motorist provision of the automobile policy issued by defendant to plaintiff's husband. After a hearing, the court dismissed plaintiff's petition in an order dated January 11, 1977. Plaintiff filed a motion to vacate the order and for reconsideration of her petition. On March 16, 1977, the trial court entered an order denying plaintiff's motion. Plaintiff appeals from both orders contending that defendant must be compelled to arbitrate since she gave notice "as soon as practicable" as required under her husband's policy.

We agree with plaintiff and therefore reverse and remand this cause with directions.

All the facts and circumstances relating to this case are set forth in the pleadings, both parties' memoranda, and plaintiff and her husband's uncontroverted affidavits:

On January 14, 1974, plaintiff, a pedestrian, was struck and severely

injured by an automobile driven by Frank Davidson, an uninsured motorist. At the time of the accident, an automobile policy issued by defendant to plaintiff's husband, Claudis McFarlane (Claudis), was in effect. The uninsured motorist provision of the policy covered plaintiff as an additional insured and provided that any dispute between the insured and the company regarding damages were to be resolved by arbitration. In addition, the policy contained the following provision:

"3. Notice. In the event of an accident * * * written notice * * * shall be given by or for the insured to the company * * * as soon as practicable."

Plaintiff's attorney visited plaintiff while she was in the hospital and asked her to forward Claudis' policy to him. Plaintiff's daughter was present during this request and she volunteered to arrange for the policy to be sent. Claudis agreed to send the policy and subsequently informed his wife and daughter that he had, even though he had not. He did not tell his wife, daughter or his wife's attorney the name of his insurance carrier. Claudis mistakenly believed that his wife's attorney intended to hold him liable for an accident in which he had no involvement. During the following 12 months, plaintiff's attorney repeatedly telephoned and wrote to Claudis, requesting a copy of the policy and the identity of his insurance carrier. Claudis continued to assure his wife that he had forwarded the policy to her attorney.

In late January 1975, plaintiff confronted her husband with this matter and he admitted that he had never sent the policy. In plaintiff's presence, Claudis mailed the cover and declaration sheet of his renewed policy to plaintiff's attorney. This was the first time plaintiff became aware of the name of her husband's insurance carrier. On February 4, 1975, almost 13 months after the accident, plaintiff notified defendant of the uninsured motorist claim. Defendant insisted that notification was too late and refused to arbitrate.

OPINION

The threshold issue on this appeal is whether, despite the 13-month delay, plaintiff gave notice of the accident to defendant "as soon as practicable," as required under Claudis' insurance policy.

■■■ Similar notice provisions have been examined by the courts in numerous cases where the insurance company has claimed that delay has barred the insured's right to recovery. In construing the "as soon as practicable" language, courts have weighed the desirability of compensation to the insured, against the importance of the notice provision to the insurance company as a means of providing an opportunity to investigate the accident and protect itself against unjustified claims. (*Country Mutual Insurance Company v. Kuzmickas*

(1971), 2 Ill. App. 3d 313, 276 N.E.2d 357, *Walsh v. State Farm Mutual Automobile Insurance Co.* (1968), 91 Ill. App. 2d 156, 234 N.E.2d 394, *International Harvester Co. v. Continental Casualty Co.* (1962), 33 Ill. App. 2d 467, 179 N.E.2d 833.) Generally, courts have followed the rule that the insured has a duty to notify the insurer within a reasonable time after the accident. The determination of what constitutes a reasonable period of time depends on the fact and circumstances in a particular case. (*Barrington Consolidated High School v. American Insurance Co.* (1974), 58 Ill. 2d 278, 319 N.E.2d 25; *Sowinski v. Ramey* (1976), 36 Ill. App. 3d 690, 344 N.E.2d 635; *Farmers Automobile Insurance Association v. Hamilton* (1975), 31 Ill. App. 3d 730, 335 N.E.2d 178, *aff'd*, 64 Ill. 2d 138, 355 N.E.2d 1; *Walsh v. State Farm Mutual Automobile Insurance Co.* (1968), 91 Ill. App. 2d 156, 234 N.E.2d 394.) A lengthy passage of time is not an absolute bar to coverage provided the insured has a justifiable excuse for the delay. (*Utica Mutual Insurance Co. v. State Farm Mutual Automobile Insurance Co.* (4th Cir. 1960), 280 F.2d 469.) However, an insured's lack of diligence is not overlooked merely because the insurer has failed to show actual prejudice due to the delay, although this factor may be considered by the court. (*Charter Oak Fire Insurance Co. v. Snyder* (1974), 22 Ill. App. 3d 350, 317 N.E.2d 307.) Generally, the actions of the insured are scrutinized under a standard of reasonableness in determining whether he gave notice as soon as it was practicable for him to do so. *Utica Mutual Insurance Co. v. State Farm Mutual Automobile Insurance Co.* (4th Cir. 1960), 280 F.2d 469.

■■ Therefore, our inquiry is whether plaintiff's actions were reasonable under the facts and circumstances present in this case, thereby excusing the delay in notice to defendant. Defendant suggests that plaintiff should have acted more affirmatively during the thirteen month period in ascertaining whether, in fact, Claudis had forwarded the policy to her attorney. It is argued that plaintiff could have searched her husband's personal effects for a copy of the policy or a cancelled check indicating the name of his insurance carrier. However, we dispute the contention that these actions would have been reasonable under the circumstances. Plaintiff had a right to believe her spouse. Plaintiff's conduct, in light of her husband's repeated assurances and her prompt notification to defendant once she obtained the insurance policy, constitutes the actions of a reasonable person under the circumstances.

We believe the situation in *Utica Mutual Insurance Co. v. State Farm Mutual Automobile Insurance Co.* (4th Cir. 1960), 280 F.2d 469, is analogous to that present in the instant case. In *Utica Mutual*, a 17-year-old girl was covered as an additional insured under an automobile policy issued to her uncle. While driving an uninsured automobile, the niece had an accident which resulted in personal injuries to the other driver.

Defendant's insurance representative asked to see the uncle's policy, but the latter refused to comply, since he believed his insurance was inapplicable. Two and a half months after the accident, the uncle delivered his policy to his niece. The niece promptly took the policy to her lawyer, who in turn, notified the uncle's insurance company.

The court considered the question of whether the niece gave notice as soon as it was practicable for her to do so. The court found that in cooperating with her uncle's wishes, the girl acted as a reasonable 17-year-old under the circumstances. Although the court in *Utica* examined the issue in light of the tender years of the girl, we believe its reasoning is applicable to the instant case, where plaintiff acted as a reasonable spouse under the circumstances. Furthermore, in the present case, unlike in *Utica Mutual*, plaintiff was misled by her husband's insistence that he had mailed the policy. Thus, we hold that there was a justifiable excuse for the delay.

We note that in several of the cases cited by defendant for the proposition that a lengthy delay is a bar to coverage, either no excuse was alleged or the excuse alleged was unreasonable under the circumstances. See *Henderson v. Hawkeye-Security Insurance Co.* (1960), 252 Iowa 97, 106 N.W.2d 86; *Arthur v. London Guarantee & Accident Co.* (1947), 78 Cal. App. 2d 198, 177 P.2d 625; *Preferred Acc. Ins. Co. v. Castellano* (2d Cir. 1945), 148 F.2d 761.

Lastly, we mention that during oral argument, counsel for plaintiff conceded that remandment for an evidentiary hearing would serve no useful purpose, a point already conceded by defendant in its brief. We agree since all the facts necessary for disposition of this matter are contained in plaintiff and her husband's uncontroverted affidavits, and in the parties' pleadings and memoranda of law.

For the foregoing reasons, the orders of January 11, 1977, and March 16, 1977, are reversed and the cause remanded to the trial court with directions to grant plaintiff's petition to compel arbitration.

Reversed and remanded with directions.

MEJDA and LORENZ, JJ., concur.