ILLINOIS VALLEY MINERALS CORPORATION, Plaintiff-Appellant, *v.* ROYAL-GLOBE INSURANCE COMPANY *et al.*, Defendants-Appellees.

Third District   No. 78-199

Opinion filed April 5, 1979.

Craig M. Armstrong and Robert L. Carter, both of Armstrong & Carter, of Ottawa, for appellant.

Robert L. Kiesler and Marvin D. Berman, both of Goldenson, Kiesler, Berman & Brenner, of Chicago, for appellees.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from the trial court's entry of summary judgment in a declaratory judgment action filed by Illinois Valley Minerals Corporation (hereinafter "IVM") against defendant Royal-Globe Insurance Company (hereinafter "Royal").

In the declaratory judgment action, IVM sought to require that Royal provide insurance coverage to the defendant Richard Brimm, d/b/a Fox Valley Marine Service, under a liability policy issued by Royal to Brimm. IVM's claims as against Brimm result from property damage suffered by IVM on or about January 11, 1976, as a result of the alleged negligence of Brimm in the handling of certain barges at the marine service facility.

Royal moved for summary judgment in the declaratory judgment action, and alleged that Brimm had failed to provide notice within a reasonable time, as is required by the provisions of the liability policy involved. The trial court entered summary judgment in favor of the insurer, Royal. Brimm was not a party to the declaratory judgment action and has filed no brief in this court on the appeal of that case. The question

now before the court on appeal by IVM, is whether the trial court's entry of summary judgment was proper. This involves a determination of whether the trial court properly determined that the issue of reasonableness of the notice was a properly disputed question for the jury or whether the trial court, where there is no issue of fact, may make such determination.

The undisputed evidence in the record discloses that Richard Brimm, operator of Fox Valley Marine Service, was issued a liability policy by Royal on December 13, 1974. The relevant portion of that policy provided:

> "* * * that in the event of any occurrence which may result in loss, damage and/or expense, for which this company is or may become liable under this insurance, notice thereof shall be given to this company as soon as practicable, * * *."

On January 11, 1975, Brimm, in the course of operating his marine service, allegedly allowed certain barges within his control to break loose and cause damage to IVM's dock and piling equipment on the Illinois River. IVM promptly notified Brimm of the occurrence by mailgram on January 17, 1975, in which they informed him that IVM would hold Brimm liable for all property damage done by the errant barges.

Despite this prompt notification from IVM concerning damage and liability, Brimm gave no notice to his insurer Royal at that time. The record also discloses that during the following month Brimm was in contact several times with one of Royal's agents, concerning another matter having to do with the marine service, but, nevertheless, Brimm failed to inform the Royal agent of the January 11 occurrence or of IVM's stated intent to hold Brimm liable for the resulting damages. The insurer Royal was first advised of the January 11, 1975, occurrence by a letter, dated July 18, 1975 (more than 6 months later), which was received from the injured party IVM. The letter informed Royal that barges had escaped from Fox Valley Marine Service on January 11, 1975, and that the charges for repairs done and expenses incurred by IVM, due to the damage from the barges, amounted to $18,285.96. Royal promptly responded by letter to IVM, informing IVM that Royal had no previous notice of the occurrence from their insured, and that the lack of notice violated the express terms of Royal's liability policy. On the basis of the breach of the provisions of the policy, Royal declined liability.

On May 21, 1976, IVM filed a negligence suit against Brimm for the property damage it had suffered as a result of the January 11 accident. When Royal was advised of the suit in September, it refused to appear and defend on behalf of Brimm in the negligence action. IVM then filed the instant declaratory judgment action. It sought to require Royal to defend Brimm in the negligence action and to provide liability coverage.

Royal, in its answer, raised an affirmative defense based upon lack of reasonable notice of the underlying occurrence. The trial court, after examining the undisputed facts, found for defendant Royal, and found as a matter of law that Royal was relieved of its duty to defend by reason of the lack of notice within a reasonable time. The trial court, accordingly, entered summary judgment in favor of Royal.

■■ The rules applicable to summary judgment are well known and are as stated in *Econo Lease, Inc. v. Noffsinger* (1976), 63 Ill. 2d 390, 393, 349 N.E.2d 1:

> "A motion for summary judgment will be granted if the pleadings, depositions, admissions and affidavits on file reveal that there is no genuine issue as to any material fact and that the movant is entitled to a judgment or decree as a matter of law." (See Ill. Rev. Stat. 1977, ch. 110, par. 57(3).)

The rules with respect to notice provisions in liability policies, similar to that present in the instant case, are also well established, and are to the effect that:

> "Generally, courts have followed the rule that the insured has a duty to notify the insurer within a reasonable time after the accident. The determination of what constitutes a reasonable period of time depends on the fact and circumstances in a particular case. [Citations.] A lengthy passage of time is not an absolute bar to coverage provided the insured has a justifiable excuse for the delay. [Citations.] However, an insured's lack of diligence is not overlooked merely because the insurer has failed to show actual prejudice due to the delay, although this factor may be considered by the court. [Citations.] Generally, the actions of the insured are scrutinized under a standard of reasonableness in determining whether he gave notice as soon as it was practicable for him to do so." *McFarlane v. Merit Insurance Co.* (1st Dist. 1978), 58 Ill. App. 3d 616, 619, 374 N.E.2d 951.

■■■ While the question of reasonableness is usually a fact question for the jury, as stated in *Kenworthy v. Bituminous Casualty Co.* (4th Dist. 1975), 28 Ill. App. 3d 546, 548, 328 N.E.2d 588:

> "* * * it has also been held that if there is no controversy as to the facts, the question of reasonableness is for the judge to decide."

In *INA Insurance Co. v. City of Chicago* (1st Dist. 1978), 62 Ill. App. 3d 80, 83, 379 N.E.2d 34, the court upheld the lower court's grant of summary judgment in favor of an insurer based upon the failure of the insured's diligence in the matter of giving the required notice. In finding that reasonable notice had not been given, the court commented upon the notice provisions in the insurance policies and stated:

"The purpose of a notice requirement such as the one found in the INA policy is to enable the insurer to make a timely and thorough investigation of the injury claim. [Citations.] Such provisions are not considered technical requirements, but rather are valid prerequisites to coverage. [Citations.]"

On the basis of the principles applicable to the issue before us in the instant case, we should give consideration to the undisputed facts which are found in the record and recited by the trial judge. The barge incident referred to in the instant case occurred on January 11, 1975, and prompt notice thereof was given to the insured Brimm by IVM, the injured party. Brimm, despite the opportunity available to him after the accident, did not inform his insurer Royal of the occurrence or the claims being asserted by IVM. As we have noted earlier in the course of this opinion, in the month following the accident, Brimm was in contact with an agent for Royal, but made no mention of the January 11 accident and damage. Royal's first notice of the accident came in mid-July, 1975, more than 6 months after the accident, when it received IVM's statement of charges based upon the occurrence.

While we want to make it clear that notice by an injured party to an insurer is as good as notice provided by the insured (*Rivota v. Kaplan* (1st Dist. 1977), 49 Ill. App. 3d 910, 920, 364 N.E.2d 337), the notice received in the instant case came after more than 6 months had expired from the date of the accident, and after all repairs to the dock and pilings owned by IVM had been completed. Under such circumstances, Royal was deprived of any opportunity to make a timely and thorough investigation of the claim, one of the central purposes of the notice provisions. The record discloses no valid excuse, in fact, no excuse whatsoever, for the delay in the giving of notice on the part of the insured Richard Brimm. It was IVM's burden to produce affidavits in opposition to the summary judgment motion, which was filed by Royal and supported by affidavits. If there was an excuse for Brimm's failure, which may have raised a factual issue with respect to diligence and reasonableness, then IVM ought to have obtained Brimm's affidavit setting forth that excuse. That was not done. Allegations that genuine issues of material fact exist, without presentation of supporting documentation, do not thereby create an issue of material fact. *Peltz v. Chicago Transit Authority* (1st Dist. 1975), 31 Ill. App. 3d 948, 335 N.E.2d 74.

■■ ■ The facts in the instant case are undisputed, and there was, accordingly, no error by the court in determining the question of due diligence or reasonableness, as a matter of law. (*INA Insurance Co. v. City of Chicago* (1st Dist. 1978), 62 Ill. App. 3d 80, 83; *Country Mutual Casualty Co. v. Van Duzen* (2d Dist. 1953), 351 Ill. App. 112, 113 N.E.2d 852.) We find no error in the court's finding that notice was not given

within a reasonable time after the occurrence in the instant case. The record discloses lack of diligence on the part of the insured and no excuse offered for the delay in giving notice. As a result of the failure to give timely notice, it is clear that the insurer was at least prevented from making a prompt and thorough investigation of the damage.

The obligation to give notice is imposed upon the insured, and only the insured, by reason of the contract of insurance with the insurer. When the question of reasonableness of the notice given in a case has arisen, the courts have allowed the insured to rely upon notice to the insurer, from whatever source, be it the injured party or some other avenue through which knowledge of the occurrence is obtained. (See *McLaughlin v. Attorney's Title Guaranty Fund, Inc.* (3d Dist. 1978), 61 Ill. App. 3d 911, 917, 378 N.E.2d 355.) In such cases, however, the question remains whether the *insured* gave notice within a reasonable time, in the computation of which the insured is allowed to benefit by circumstances where the insurer receives actual timely notice, although not directly from the insured Brimm. Allowing an insured to rely upon notice given by someone else does not extend the time for the giving of such notice. A duty is imposed upon the insured to exercise diligence in giving of notice to the insurer. That obligation arises as a result of a valid contractual provision respecting such timely notice, so that an insured may, through notice given by an injured party, rely upon notice given, if timely.

The question addressed in this case is whether the notice which was given was reasonable under absolutely undisputed facts of the case. The notice given by the injured party is available for the purpose of fulfilling the obligation of the insured as to notice, if it is timely, and is measured by the same standards as if it had been transmitted by the insured. The issue which is discussed in the opinion is whether the July notice received by the insurer was reasonable, given the undisputed facts and the terms of the policy requiring notice by the insured as soon as practicable and in view of the precedents in this State on such issue. The notice was given six months after the occurrence, by the injured party. The conclusion reached by the trial court and in the opinion is that such notice given (by the injured party) was insufficient as a matter of law. The trial judge in the case recognized this issue, as is noted from the report of proceedings and arguments of counsel, and statements by the court.

IVM's reliance on *Rivota v. Kaplan* (1st Dist. 1977), 49 Ill. App. 3d 910, 364 N.E.2d 337, is not helpful to IVM, given the facts in the instant case. In *Rivota,* where the appellate court reversed a lower court grant of summary judgment on an issue as to notice, the facts indicate that the parties, required to give notice, labored under a reasonably mistaken belief of noncoverage. The court found that the mistaken belief was evidence of a valid excuse for the failure to exercise diligence in giving

notice. A controverted question of fact was, therefore, presented. (49 Ill. App. 3d 910, 920-21.) In the instant case, however, the record reveals no evidence or any excuse for the delay of the insured in giving notice to Royal.

A second line of argument advanced by IVM in seeking to reverse the trial court's decision is the contention that an insurer must show actual prejudice to be relieved of its duty to defend and provide coverage according to the terms of the insurance contract. The cases applying that rule, *M.F.A. Mutual Insurance Co. v. Cheek* (1977), 66 Ill. 2d 492, 363 N.E.2d 809, and *Marsh v. Prestige Insurance Group* (1st Dist. 1978), 58 Ill. App. 3d 894, 374 N.E.2d 1268, and relied upon by IVM, involve automobile policies and the breach-of-cooperation clauses. The present case involves neither automobile liability insurance nor a breach-of-cooperation clause. For a discussion of the differences between the prejudice rules in those two different contexts, see *M.F.A. Mutual Insurance Co. v. Cheek* (5th Dist. 1975), 34 Ill. App. 3d 209, 218, 340 N.E.2d 331, *aff'd* (1977), 66 Ill. 2d 492.

■■ In the present case, the rule with respect to prejudice to the insurance company is, as we have noted heretofore, that prejudice to the insurer is but one factor which may be taken into consideration in making the determination as to the reasonableness of the notice in any given case. (*Simmon v. Iowa Mutual Casualty Co.* (1954), 3 Ill. 2d 318, 322, 121 N.E.2d 509; *McFarlane v. Merit Insurance Co.* (1st Dist. 1978), 58 Ill. App. 3d 616, 619, 374 N.E.2d 951; *American Home Assurance Co. v. City of Granite City* (5th Dist. 1978), 59 Ill. App. 3d 656, 375 N.E.2d 969; *Kenworthy v. Bituminous Casualty Corp.* (4th Dist. 1975), 28 Ill. App. 3d 546, 328 N.E.2d 588.) We should add at this time that it is clear that the delay in receipt of notice by Royal has prejudiced it specifically as to the possibility of a prompt and timely investigation of the claim, since the damage had been completely repaired at the time it received notice of the incident from IVM. We should note, in passing, that one of the references made by the appellant in this case involves *McLaughlin v. Attorney's Title Guaranty Fund, Inc.* (3d Dist. 1978), 61 Ill. App. 3d 911, 378 N.E.2d 355, in which some general language, not made applicable to the facts under consideration in that case, referred to the contention that prejudice must be shown to have arisen from failure to give notice. In that case we were dealing with a situation where we refer to the fact that the purpose of notice to an insurer of the claim against the insured is to enable the insurance company to make the necessary prompt and thorough investigation of the facts and circumstances affecting the question of liability and the extent of liability and that delay in notice was not directly involved in the cause before us there, since the company had actual notice of the claim which involved a title policy. The *McLaughlin* case should be

considered in its entire aspect, and, to the extent that any statement suggests that actual prejudice must be shown, that statement can be considered as *dicta* in the context of the facts involved in the *McLaughlin* case. The facts in the present case are undisputed. The insurer was deprived of an opportunity to make a timely and thorough investigation of the claim prior to the repair of the docks. Repairs had been completed by the time Royal received the notice from IVM. Under the circumstances, we believe that the trial court properly allowed summary judgment in this cause and that there was no disputed question of fact to be resolved. Merely alleging that a genuine issue of material fact exists, where there is no presentation of a statement of fact to contradict a defendant's version, does not thereby create an issue of material fact. *Peltz v. Chicago Transit Authority* (1st Dist. 1975), 31 Ill. App. 3d 948, 335 N.E.2d 74.

We do not address the issue raised with respect to certain barge day reports and the insured's failure to provide these to Royal as called for in the insurance contract. That question was not addressed by the trial court and is unnecessary for disposition of this cause, in view of the resolution of the principal issue raised on appeal.

For the reasons stated, therefore, the judgment of the Circuit Court of La Salle County is affirmed.

Affirmed.

STOUDER, P. J., and SCOTT, J., concur.