WAUSAU INSURANCE COMPANY,
Plaintiff,

v.

The VALSPAR CORPORATION, a foreign corporation; Elizabeth Johnson Schoon; Rebecca Johnson Hampton; Royal Backes, as father and next friend of Michelle L. Backes, Kathy L. Backes and Curt A. Backes, all minors, Defendants.

No. 83 C 8736.

United States District Court,
N.D. Illinois, E.D.

Aug. 16, 1984.

Stephen E. Sward, Michael C. Borders, Rooks, Pitts, Fullagar & Poust, Chicago, Ill., for plaintiff.

Maynard I. Steinberg, Richard E. Mueller, Lord, Bissell & Brook, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge.

This action arose when plaintiff Wausau Insurance Company ("Wausau") was informed of three lawsuits filed against defendant Valspar Corporation ("Valspar") in Illinois state courts alleging injuries resulting from the contamination of well water with chemical wastes stored by Valspar on property adjacent to the state court plaintiffs' property. Wausau has filed a declaratory suit to determine its rights and liabilities under the policies issued to Valspar.[1] Presently before this Court are cross-motions for partial summary judgment on Counts I, II, IV, V and VII.[2] For reasons set forth below, Wausau's motion for summary judgment is granted, and Valspar's motion for summary judgment is denied.

■ On a motion for summary judgment, the moving party has the burden of showing "that there is no genuine issue as to any material fact ... [entitling it] to a judgment as a matter of law." Fed.R. Civ.P. 56(c). The evidence is viewed in a light most favorable to the party opposing the motion for summary judgment. If the moving party meets its initial burden, the opposing party must set forth specific facts showing that there is a genuine issue as to a material fact. If the opposing party fails to do so, summary judgment shall be entered against it. *Egger v. Phillips*, 710 F.2d 292 (7th Cir.1983). When confronted with cross-motions for summary judgment, we must rule on each party's motion on an individual basis, and both motions should be denied if material factual issues exist. 10A C. Wright & A. Miller, Federal Practice and Procedure § 2720 (2d ed. 1983). It is with these standards in mind that we consider the present matter.

### Facts

Marvin Johnson ("Johnson") filed the first suit relating to Valspar's dumping activities in November of 1972. A jury verdict in favor of Valspar was returned on

---

1. Wausau filed suit pursuant to the Illinois Code of Civil Procedure § 2–701, Ill.Rev.Stat. ch. 110, § 2–701 (1984). Jurisdiction is asserted pursuant to 28 U.S.C. § 1332.

2. Wausau originally filed a seven-count complaint. Counts I, II, IV, V and VII are the subjects of the cross-motions for summary judgment. Counts III and VI, regarding the pollution exclusion provision within the policies, are not addressed in the motion for summary judgment pursuant to this Court's order. The first issue is whether Wausau received timely notice of its potential liability under the policies; the second, whether any actual dumping occurred during the terms of the policies' coverage; and third, whether the policies' coverage includes indemnification for an award of punitive damages. Because we grant Wausau's motion as to every issue properly before the Court, the merits of Counts III and VI need not be addressed in subsequent litigation. The resolution of the motion in Wausau's favor, especially our finding that the periods of Wausau's coverage and Valspar's use of the Tipton property as a storage site did not coincide, renders all issues related to the pollution exclusion provision moot.

May 14, 1980. The Illinois Appellate Court affirmed the determination on February 16, 1982, that Valspar was not liable for the Johnsons' injuries, but reversed the dismissal of two of the plaintiffs in the original action. *Johnson v. Tipton*, 103 Ill. App.3d 291, 59 Ill.Dec. 179, 431 N.E.2d 464 (1982). The claims of the two plaintiffs which had been dismissed by the trial court were remanded to the trial court and are still pending. During the pendency of the *Johnson* appeal, Royal Backes filed suit against Valspar seeking compensatory damages for personal injuries resulting from Valspar's dumping activities and punitive damages for its reckless and wanton manner of storage. On February 10, 1983, Valspar, through its attorney, tendered to Wausau the defense of the remaining Johnson and Backes' claims.

### Counts I and IV

In Counts I and IV of its complaint, Wausau contends that it did not receive reasonably timely notice of its potential liability from Valspar, a condition precedent to its duty to defend and indemnify and that, as a consequence, it is discharged from all liability under the terms of the policy.[3] In response, Valspar contends that not only did Wausau receive timely notice, but adds that since the notice provisions are not conditions precedent according to the policy language, they are simply requirements of advisement. As such, they are designed to prevent a delay from prejudicing an insurer. Accordingly, to prevail on a motion for summary judgment, Wausau must show that Valspar's notice was untimely, and that Wausau was thereby prejudiced. Alternatively, Valspar argues that the determination of reasonable notice is inappropriate for summary judgment disposition since its resolution depends on the facts and circumstances of each case.

 While the issue of reasonable notice is generally a factual inquiry, where there are no disputed material facts, the court may decide this issue as a matter of law. Furthermore, under Illinois law, while lack of prejudice to an insurer may be a factor when determining whether notice was reasonable, it does not constitute a defense. *Casualty Indemnity Exchange v. Village of Crete*, 731 F.2d 457, 458–459 (7th Cir.1984). Thus, to prevail on its motion for summary judgment as to Counts I and IV of its complaint, Wausau must show that the notice it received from Valspar was untimely as a matter of law.

It is undisputed by both parties that on February 10, 1983 Valspar, through its attorneys, sent a letter to Wausau explaining the favorable disposition of the original Johnson suit and the pendency of the remaining Johnson and Backes suits and tendering the continued defense of those claims to Wausau. This letter was the first direct communication between Valspar and Wausau concerning these law suits. Valspar does assert that it indirectly communicated this information when it sent the summons and complaint of the original Johnson suit to Alexander and Alexander, a firm of insurance brokers, on December 7, 1972, for ultimate transmittal to Wausau.

 When determining the reasonableness of the notice given to an insurer, courts will allow the insured to rely upon actual notice received by the insurer, irrespective of the source. *Illinois Valley Minerals Corp. v. Royal Globe Ins.*, 70 Ill.App.3d 296, 301, 26 Ill.Dec. 629, 633, 388 N.E.2d 253, 257 (1979). Consequently, if Wausau had received actual notice of its potential liability in 1972, it would be bound by its duty to defend and indemnify Vals-

---

**3.** The notice provisions in the policy provide that:

> 4(a) in the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable.... 4(b) if claim is made or suit is brought against the insured, the insured shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative....

par in subsequent litigation.[4] However, the evidence does not support the conclusion that Wausau received actual notice in 1972. To the contrary, Wausau has filed affidavits with the Court detailing the investigation and search of its files in both Illinois and Minnesota which failed to reveal the receipts of any notice prior to February of 1983, more than ten years after the original Johnson suit was filed. It further asserts that Alexander and Alexander is not an agent of Wausau and that the firm has never been associated with Wausau. Having put forth this evidence, Wausau met its initial burden on a summary judgment motion and shifted to Valspar the burden of demonstrating the existence of a genuine factual issue for trial. Valspar did not dispute Wausau's evidence and thereby failed to sustain its burden.

Since the evidence does not show that Wausau had actual notice in 1972, we hold that the notice given by Valspar in February of 1983, ten years after the filing of the original Johnson suit and seventeen months after the filing of the Backes suit, was untimely as a matter of law, thereby discharging Wausau of any duty it had to defend and indemnify. Our decision is consistent with *Casualty Indemnity Exchange v. Village of Crete*, 731 F.2d 457 (7th Cir.1984), in which the Seventh Circuit affirmed the trial court's entry of summary judgment that held that the insured's five-month delay in forwarding suit papers and eighteen-month delay in giving its insurer notice of the occurrence were unreasonable as a matter of law.

Accordingly, Wausau's motion for summary judgment as to Counts I and IV is granted; Valspar's motion for summary judgment as to Counts I and IV is denied.

4. It is undisputed that Valspar's notification to Alexander and Alexander, an unrelated third party, did not fulfill the notice provisions which expressly require that written notice be given to the company or to its authorized agent.

5. Wausau issued successive comprehensive general liability insurance policies to Valspar from January 1, 1967 through January 1, 1971, at which time Valspar cancelled the coverage.

## Counts II and V

It is well settled under Illinois law that an insurer's duty to defend the insured is predicated upon the allegations contained in the complaint. *Country Mutual Insurance Co. v. Murray*, 99 Ill.App.2d 61, 71, 239 N.E.2d 498, 504–505 (1968). If the insurer believes that the claims are not within the policy's coverage, it can seek a declaratory judgment regarding its obligations before the trial of the underlying complaint. *Maneikis v. St. Paul Ins. Co. of Illinois*, 655 F.2d 818, 821 (7th Cir.1981).

In Counts II and V of its complaint, Wausau asserts that it is not liable under any policies issued to Valspar because Valspar did not store chemical wastes on the Tipton property during the years that Wausau provided Valspar with insurance coverage. Wausau's coverage of Valspar was cancelled by Valspar on January 1, 1971. Wausau alleges that Valspar began using the Tipton property as a storage site in the fall of 1971, when the Environmental Protection Agency closed the Rockford site it was using. In response, Valspar asserts that the date of the actual dumping is immaterial, and since both the Johnson and Backes complaints allege injuries during the years that Wausau's coverage was in effect, Wausau is obligated to defend.[5]

Valspar offers no evidence that the chemical storage began at any time before the fall of 1971. If the periods of Wausau's coverage and of Valspar's dumping activities had coincided, Valspar would, at the least, allege that fact. Instead, Valspar relies upon the allegations contained in the underlying Johnson and Backes suits, thereby failing to establish the existence of a genuine issue for trial.[6]

The Johnson complaint alleges that their injuries occurred between 1967 and 1971. The Backes' complaint alleges that their injuries occurred between 1963 and 1972.

6. As further support for this ruling, we acknowledge that in affirming the jury's verdict for Valspar in *Johnson v. Tipton*, 103 Ill.App.3d 291, 295–96, 59 Ill.Dec. 179, 185, 431 N.E.2d 464, 470 (1982), the court noted that the injuries alleged

On a motion for summary judgment, once the moving party has demonstrated that there is no genuine issue for trial, the burden shifts to the opposing party, who then must set forth the specific facts demonstrating a genuine issue for trial. The entry of summary judgment is mandated if the opposing party fails to do so. *Egger v. Phillips*, 710 F.2d 292 (7th Cir.1983). Accordingly, we find that the periods of Wausau's coverage and of Valspar's use of the Tipton property as a storage site did not coincide, and that Wausau has no duty to defend or indemnify Valspar in any litigation related to such activities. Wausau's motion for summary judgment as to Counts II and V is granted. Valspar's motion for summary judgment as to Counts II and V is denied.

### Count VII

In Count VII, Wausau contends that even if it were liable to Valspar under its insurance policies, those policies do not include coverage for a punitive damages award. Valspar contends that Wausau's coverage is for all sums, including a punitive damages award.

The assessment of punitive damages serves to punish a wrongdoer for his conduct and to deter similar conduct in the future. Illinois public policy prohibits insurance against such liability. *Beaver v. Country Mut. Ins. Co.*, 95 Ill.App.3d 1122, 51 Ill.Dec. 500, 420 N.E.2d 1058 (1981). As a matter of law, Wausau would not be liable to Valspar for any punitive damages award assessed against it.

Accordingly, Wausau's motion for summary judgment as to Count VII is granted. Valspar's motion for summary judgment as to Count VII is denied.

For the reasons set forth in the opinion, Wausau's motion for partial summary judgment as to Counts I, II, IV, V and VII is granted. Valspar's motion for summary judgment as to Counts I, II, IV, V and VII is denied. It is so ordered.[7]

by the Johnsons appeared to predate Valspar's storage activities by several years.

**7.** In light of this opinion, the parties are to tender to the Court a draft final order disposing of all the issues in the complaint. The August 17, 1984, status hearing is vacated and continued to August 29, 1984, at 10:00 a.m., in the event the assistance of the Court is needed in this regard.