**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1823
_____

Colonial Insurance Company of     *
California,     *
    *
        Appellee,     *
     v.     *
    *
Spirco Environmental, Inc.,     *
    *
        Appellant.     *
    *

_____

No. 97-1970
_____

Appeals from the United States
District Court for the Eastern
District of Missouri.

Colonial Insurance Company of     *
California,     *
    *
        Appellee,     *
    *
     v.     *
    *
Raymond Torrez and Guy James Clary,     *
    *
        Appellants.     *
    *

_____

No. 97-1971
_____

Colonial Insurance Company of      *
California,      *
     *
          Appellee,      *
     *
     v.      *
     *
Beverly A. Shaffer,      *
     *
          Appellant.      *

_____

Submitted: January 12, 1998
Filed: February 24, 1998

_____

Before LOKEN and MURPHY, Circuit Judges, and ALSOP,[1] District Judge.

_____

ALSOP, District Judge.

On November 30, 1990, while driving a vehicle owned by Raymond Torrez, Jim Clary ran a red light and collided with a vehicle driven by Beverly Shaffer. As a result of the accident, Shaffer brought an action in state court seeking recovery for personal injuries. Torrez's insurance carrier, Colonial Insurance Company of California ("Colonial"), then filed a declaratory judgment action against Raymond Torrez, James

_____

[1]The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota, sitting by designation.

Clary, Beverly Shaffer, and Spirco Environmental, Inc. ("Spirco")[2] in the United States District Court for the District of Missouri seeking a ruling that Colonial was not obligated to indemnify or defend Torrez or Clary because it had not received reasonable notice of the accident as required by its policy. The district court[3] granted Colonial's motion for summary judgment. The district court concluded that Torrez and Clary had failed to give Colonial prompt notice of the accident and Colonial was prejudiced by the almost five year delay in notice. Spirco, Torrez, Clary, and Shaffer appeal the district court's decision. All Appellants assert that the evidence shows Colonial received reasonable notice of the accident. In addition, Shaffer argues the district court incorrectly applied Illinois law and incorrectly concluded Colonial was prejudiced by the delay in notice. We affirm.

Shaffer argues that the district court erred by applying Illinois law, as opposed to Iowa or Missouri law, to this action. As a preliminary issue, Shaffer is precluded from arguing Iowa law applies in this action. Shaffer argued for the application of Missouri law before the district court and did not raise the issue of Iowa law below. We will not address arguments raised for the first time on appeal. See O.R.S. Distilling Co. v. Brown-Forman Corp., 972 F.2d 924, 926 (8th Cir. 1992); Andes v. Knox, 905 F.2d 188, 189 (8th Cir.), cert. denied, 498 U.S. 952, 111 S.Ct. 373, 112 L.Ed.2d 335 (1990).

Even without this procedural bar, Illinois law applies to this dispute. "Federal district courts must apply the choice-of-law rules of the state in which they sit when jurisdiction is based on diversity of citizenship." Whirlpool Corp. v. Ritter, 929 F.2d 1318, 1320 (8th Cir. 1991). Missouri courts look to the Restatement (Second) of

---

[2]Spirco employed Clary at the time of the accident.

[3]THE HONORABLE STEPHEN N. LIMBAUGH, United States District Judge for the Eastern District of Missouri.

Conflicts of Law (1971) when determining choice of law questions.  See Collins v. State Farm Mut. Auto. Ins. Co., 902 F.2d 1371, 1372 (8ᵗʰ Cir. 1990).  Of particular relevance to this action is § 193 of the Restatement.  Section 193 states that "the rights created by an insurance contract are to be determined by the 'local law of the state which the parties understood to be the principal location of the insured risk.'" Id. at 1372-73 (quoting Restatement (Second) of Conflicts of Law § 193 (1971));[4] see also Davidson & Schaaff, Inc. v. Liberty Nat'l Fire Ins. Co., 69 F.3d 868 (8ᵗʰ Cir. 1995), Walker v. State Farm Mut. Auto. Ins. Co., 973 F.2d 634 (8ᵗʰ Cir. 1992); Hartzler v. American Family Mut. Ins. Co., 881 S.W.2d 653, 656 (Mo. Ct. App. 1994).  Colonial's insurance policy was issued to Torrez, an Illinois resident, for coverage of an automobile licensed and garaged in Illinois.  Accordingly, the district court correctly concluded that Illinois law applies to this action.

Next, Shaffer argues the district court erred in concluding that Illinois law does not require Colonial to show it was prejudiced by the delay in notice.  We disagree.  In Illinois, proper notice "is not to be considered as a technical requirement merely for the convenience of the insurer, but rather is a valid prerequisite for coverage." Mitchell Buick & Oldsmobile Sales, Inc. v. National Dealer Servs., Inc., 485 N.E.2d 1281, 1286 (Ill. Ct. App. 1985).  The insurer is not required to show actual prejudice in order to

---

[4]Section 193 provides:

The validity of a contract of fire, surety or casualty insurance and the rights created thereby are determined by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy, unless with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the transaction and the parties, in which event the local law of the other state will be applied.

rely upon the notice provision, instead prejudice, or lack of prejudice, is simply one of several factors to be considered in determining whether notice was reasonable.[5]  Id.

Shaffer relies on two cases, Highlands Insurance Co. v. Lewis Rail Service, 10 F.3d 1247 (7th Cir. 1993) and American Mutual Liability Insurance Co. v. Beatrice Co., 924 F.Supp. 861 (N.D. Ill. 1996), to support her statement that "the insurer must show actual prejudice in order to prove breach of the notice provisions sufficient to void coverage."  Shaffer's legal position, however, misstates Illinois law.  Neither the Highlands decision nor the American Mutual Liability decision requires an insurer to show prejudice.  Instead, both cases support the district court's finding that Illinois law treats prejudice as only one of several factors to be considered when determining whether reasonable notice was given to the insurer.  See Highlands, 10 F.3d at 1250 ("Illinois courts consider prejudice to the insurer one important factor in determining reasonability of notice"); American Mut. Liability, 924 F.Supp at 877 (prejudice to insurer is not dispositive).[6]

Finally, all Appellants claim there are questions of fact precluding summary judgment on the issue of reasonable notice.  The district court determined "there is no evidence indicating that the Plaintiff received notice of this accident prior to June 14, 1995."  In particular, the district court noted that although both Torrez and Clary testified they had called a 1-800 number in an attempt to contact Colonial, they could

---

[5]Illinois Courts also look to factors such as the amount of time between the accident and the notice, the level of sophistication of the individual insured, and whether mistakes were made in giving notice.  See Illinois Valley Minerals Corp. v. Royal-Globe Ins. Co., 388 N.E.2d 253 (Ill. Ct. App. 1979); American Family Mut. Ins. Co. v. Blackburn, 566 N.E.2d 889 (Ill. Ct. App. 1991).

[6]As an alternate holding, the district court held Colonial was prejudiced by the nearly five year delay.  Appellants argue this conclusion is in error.  Because Illinois law does not require an insurer to show prejudice in order to rely on a notice provision, it is unnecessary for the Court to address this issue.

not testify as to whether they actually made contact with the insurer. The district court also concluded that two alleged phone calls to independent insurance agents did not constitute notice to Colonial.

The record supports the district court's conclusion. None of the evidence presented by Appellants suggests Colonial received notice. Neither Torrez nor Clary can state for certain that they gave notice of the accident to Colonial, even though they were aware Colonial had a 1-800 phone line. In addition, the record surrounding the telephone calls to the independent agents is insufficient to create an inference that notice was provided by either Clary or Torrez. There is no evidence from the independent insurance agents to suggest they were ever given notice of the accident by Torrez or Clary or provided notice of the accident to Colonial. The "factual dispute" asserted by Appellants consists only of speculation, and is insufficient to avoid summary judgment. Thus, the district court correctly concluded that Colonial did not receive notice for over four and one half years, and that such notice was inherently unreasonable.

Accordingly, we AFFIRM the district court's grant of Colonial's motion for summary judgment.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.