736

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellee, *v.* PAUL L. FAHNSTROM *et al.*, Defendants.—(JOEL B. CARLSTON, Ex'r of the Estates of Dean C. Carlston *et al.*, Defendants-Appellants.)

Third District   No. 79-157

Opinion filed August 31, 1979.

Richard Whitman, of Kritzer, Stansell, Critser & Whitman, of Monmouth, for appellants.

John W. Robertson, of Bozeman, Neighbour, Patton & Noe, of Moline, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

State Farm Mutual Automobile Insurance Company ("State Farm") brought this declaratory judgment action to determine whether it was liable under an automobile liability insurance policy issued to Paul Fahnstrom. The trial court granted plaintiff's motion for summary judgment and defendants have appealed. We affirm.

Paul Fahnstrom was involved in an automobile accident on September 17, 1977, when his 1970 Pontiac, which he was driving, crossed over the centerline and collided head-on with a car driven by Dean Carlston. Carlston and his wife were killed, and their 12-year-old son, Joel E. Carlston, was seriously and permanently injured. Suit was filed against Fahnstrom by Joel B. Carlston as executor of the estates of the deceased Carlstons and by Donald Travis as guardian of Joel, the minor son.

Fahnstrom had purchased an automobile liability insurance policy from State Farm on March 18, 1976, to insure the 1968 Oldsmobile which he then owned. State Farm filed this declaratory judgment action whereby it sought to deny coverage because Fahnstrom did not give notice to the company when he purchased a 1970 Pontiac on July 20, 1977, to replace the 1968 Oldsmobile. The policy expressly provided that insurance would not be applicable to a newly acquired automobile which replaces one covered by the policy "unless as a condition precedent the named insured within 30 days following such delivery date applies to the company for insurance on such newly acquired automobile."

The policy provision relied upon by State Farm has been upheld in many decisions of this State. Defendants admit that the literal language of the policy permits State Farm to deny coverage because Fahnstrom allowed almost 60 days to pass without giving the required notice of his change in vehicles.

In *Country Mutual Casualty Co. v. Van Duzen* (1953), 351 Ill. App. 112, 117-18, 113 N.E.2d 852, the court said:

> "The evident purpose of this provision is to permit the owner of the automobile to change automobiles and still have the insurance effective for a period of thirty days and that after the thirty-day period he must notify the company of the change of cars so that the company may determine whether or not it wishes its policy to remain effective on the newly acquired car. In *Mitcham v. Traveler's Indemnity Co.*, 127 F.(2d) 27, the court was called upon to construe a similar provision. In that case the period was ten days. The notice was not given within the ten-day period and the insured was involved in an accident after that time. The court held that there could be no recovery under the policy. The court said: '* * * The requirement of notice was of obvious importance to the company. Amongst other purposes it served to inform the company of the identity and character of the vehicle to be covered by its policy and to enable the company to exercise the rights reserved to it in the policy and to ascertain whether the insured had complied with his obligations thereunder. It cannot be said that the policy provision was so immaterial to the risk that it could not be invoked for the purpose of avoiding the company's contractual liability. Sly v. American Indemnity Co., 127 Cal. App. 202; 15 Pac. 2d 522. The failure to give the notice was fatal to the claim of the administratrix and the injured person that the car was covered by the policy when the accident took place.' " See *State Farm Mutual Automobile Insurance Co. v. Lucas* (1977), 50 Ill. App. 3d 894, 365 N.E.2d 1329.

The defendants urge upon us the doctrine that such an exclusion of

liability is violative of the public policy, as embodied in the Financial Responsibility Act (F.R.A.), which seeks to protect persons injured in auto accidents from financial distress by requiring drivers to show evidence of financial responsibility. The reasoning which defendants follow to reach this conclusion seems to be that an insurer should not be allowed to deny liability as against innocent third parties because of some "technical" violation of policy provisions by the insured. For example, the insurer could not rescind the policy to avoid liability to third persons because of the insured's misrepresentations of material facts. (*Safeway Insurance Co. v. Harvey* (1976), 36 Ill. App. 3d 388, 343 N.E.2d 679.) In another case, the court held that the statutory "omnibus clause" must be considered as written into the policy which also contained a provision that the policy shall comply with the financial responsibility law of any State. (*Konrad v. Hartford Accident & Indemnity Co.* (1956), 11 Ill. App. 2d 503, 137 N.E.2d 855.) Also, in a New Hampshire case, the 30-day notice requirement of a switch of cars was held to violate the public policy established by a financial responsibility law. (*Farm Bureau Auto. Ins. Co. v. Martin* (1951), 97 N.H. 196, 84 A.2d 823.) New Hampshire statute precludes insurer from asserting any defenses it might have against insured as against injured third party. However, the statutory language in New Hampshire is different than the Illinois Act.

■■ State Farm does not agree with defendants' analysis. First, State Farm points out that the terms of the insurance policy are clear and unambiguous. The plain language of the contract should be given effect even though the result is to disappoint "the innocent victim of an uninsured motorist." *Putnam v. New Amsterdam Casualty Co.* (1970), 48 Ill. 2d 71, 269 N.E.2d 97.

■■ Furthermore, State Farm points out that Illinois courts have never found this notice requirement to be violative of public policy, and in fact this provision has been consistently enforced. See *State Farm Mutual Automobile Insurance Co. v. Lucas* (1977), 50 Ill. App. 3d 894, 365 N.E.2d 1329; *Illinois National Insurance Co. v. Trainer* (1971), 1 Ill. App. 3d 34, 272 N.E.2d 58.

Next, State Farm points out that Illinois' Financial Responsibility Act requires only those persons whose license has previously been revoked to file proof of insurance, and the Act expressly provides that it does not affect ordinary liability policies.

> "This Act not to affect other policies. Sections 7—301 through 7—329, each inclusive, of this Act shall not be held to apply to or affect bonds or policies of automobile insurance against liability which may now or hereafter be required by any other provision of this Act and such bonds or policies, if endorsed to conform to the requirements of this Act, shall be accepted as proof of financial

responsibility when required under this Act." Ill. Rev. Stat. 1977, ch. 95½, par. 7—319.

Since Fahnstrom's policy was not issued pursuant to the Act, the coverage of his policy is not modified by the Act. The cases cited by defendants are distinguishable on the ground that those cases involved policies which have been certified to the Secretary of State under the Financial Responsibility Act. In *Konrad*, the policy actually incorporated the Act's requirements by reference. We believe the controlling case is *Mollihan v. Stephany* (1977), 52 Ill. App. 3d 1034, 368 N.E.2d 465, where the court held that the F.R.A. did not preclude the insurer from rescinding an automobile policy for misrepresentations of fact in the application where the policy had not been certified to the Secretary of State.

It is the opinion of this court that the insured did not comply with the terms of the policy, and the plaintiff was entitled to summary judgment finding that it was not liable.

Affirmed.

ALLOY and BARRY, JJ., concur.