JOSEPH ROMONDO, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (King Truck Sales *et al.,* Appellees).

First District (Industrial Commission Division)   No. 1—87—2251WC

Opinion filed June 8, 1988.

Leo F. Alt, of Chicago, for appellant.

Galliani Doell, of Chicago, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

Claimant appeals from an order of the Industrial Commission (Commission) denying benefits on the basis claimant was not an employee of respondent on the date of the accident. At the time of the injury, the respondent corporation, of which claimant was an officer, had been involuntarily dissolved by the Secretary of State for the failure to pay franchise taxes. On appeal, claimant maintains reinstatement of corporate status retroactively establishes an employer-employee relationship covering the date of the injury. Alternatively, claimant maintains that despite involuntary dissolution, respondent was operating as a *de facto* corporation for the purpose of establishing that relationship. Claimant also contends the Commission improperly considered matters not in evidence and Aetna Insurance Company (Aetna) should be estopped to deny coverage because of the acceptance of premiums for compensation insurance.

Claimant began doing business in 1963, ostensibly as a sole proprietorship, selling and repairing trucks. On September 8, 1976, the business was incorporated as "King Truck Sales, Inc." In May 1977 claimant completed an assigned risk application in the name of "Joseph Romondo d/b/a King Truck Sales, Inc." On December 1, 1977, the corporate entity, "King Truck Sales, Inc.," was dissolved by the Secretary

of State for failure to pay its franchise tax and file the annual report.

On August 17, 1978, while the corporation remained dissolved, claimant was severely injured when a truck tailgate fell on him. At the time, claimant's duties included general mechanical work on trucks, painting, and sales. A claim was made to Aetna, which began paying benefits. In 1980, Aetna notified claimant it had discovered his corporation had been dissolved and benefits would be discontinued because claimant was not an "employee" of an entity which had no corporate existence. It is undisputed claimant continued to pay, and Aetna accepted, insurance premiums at all relevant times.

At the hearing before the arbitrator on October 20, 1982, claimant presented a certificate from the Secretary of State which indicated that as of September 27, 1982, "King Truck Sales, Inc." was a corporation in good standing in the State of Illinois. An application for reinstatement of the corporation dated September 30, 1980, was also presented. Claimant further testified he was totally unaware his corporation had been dissolved until Aetna informed him of this fact in 1980.

Claimant is a corporate officer of this family business. Although he maintained there was a corporate board of directors meeting in 1978, he could not remember the date, did not take any minutes, and did not know if the corporate secretary, his wife, kept any minutes. He did not sign any corporate records during that year. Approximately five other employees work for the business.

Concluding claimant had abandoned the corporate form of business as early as May 1977 when claimant applied for the assigned risk application in the name of "Joseph Romondo d/b/a King Truck Sales," the arbitrator determined the subsequent reinstatement of corporate status did not relate back in time to the date of injury. Therefore, the arbitrator found claimant was operating as an employer, not an employee, on the date of the accident and was not entitled to benefits. On review, the Commission affirmed the arbitrator, finding, in part, "where a sole proprietorship existed, as the Commission finds to have been the fact in the instant case, the proprietor himself was not, and could not have elected to be treated as, an employee as defined in the Act as in effect on August 17, 1978." The circuit court affirmed the Commission's decision and claimant appeals.

Claimant initially argues reinstatement of a corporation which is dissolved by the Secretary of State for delinquency in payment of franchise taxes relates back in time and reestablishes, after the fact, claimant was an employee of the corporation on the date of the accident entitling him to benefits for his injuries.

For injuries to be compensable under the Act the claimant must demonstrate, among other things, "the existence of an employer-employee relationship on the date of the injury." (*Master Leakfinding Co. v. Industrial Comm'n* (1977), 67 Ill. 2d 517, 524, 367 N.E.2d 1308, 1311.) Under the Business Corporation Act of 1933 (Ill. Rev. Stat. 1983, ch. 32, par. 157.92), in effect at the time of the injury, a corporation which was dissolved for not filing reports or paying fees "shall cease to exist." Former section 82a of the Act (Ill. Rev. Stat. 1983, ch. 32, par. 157.82a), governing reinstatement, did not indicate that reinstatement retroactively validated corporate actions undertaken during the period of dissolution. Neither did it prohibit reinstatement from having such an effect. The provision of the former Act was simply silent on that question. *Regal Package Liquor, Inc. v. J.R.D., Inc.* (1984), 125 Ill. App. 3d 689, 466 N.E.2d 409.

The parties have cited a variety of decisions discussing whether reinstatement of corporate status should be allowed to retroactively validate corporate activity occurring during the time of dissolution. (Compare *In re Estate of Plepel* (1983), 115 Ill. App. 3d 803, 450 N.E.2d 1244 (and cases cited therein), with *Regal,* 125 Ill. App. 3d 689, 466 N.E.2d 409.) While none is sufficiently analogous to be considered controlling in the situation here, we glean from these cases the general principle that reinstatement of a dissolved corporation will have retroactive effect, in the present context, if the corporation was acting in a *de facto* capacity as between itself and third parties during the period of dissolution.

Thus, in *Regal* the corporation was permitted to maintain a forcible entry and detainer action based on a real estate installment contract entered into by the corporation at a time when the corporation was involuntarily dissolved. There was no indication the corporation was not attempting to act in a corporate capacity and the court there believed it would be inequitable for the other party to the contract to avoid its obligation to the corporation under the circumstances. In contrast, retroactive effect was not permitted in *Plepel,* wherein it was held a corporate officer was personally liable for contract debts incurred by the corporation during the period of its dissolution because the parties intended that the individual would be bound by the contract. In *Plepel,* the court found there was no evidence the creditors were in any way aware they were dealing with a purported corporation since the mere use of the word "company" in a name was insufficient to indicate corporate status and checks tendered in partial payment of the debt by the corporation were signed without the use of the corporate title. Had reinstatement been allowed to relate back, the cor-

porate officer would have been allowed to substitute the worthless corporate liability of the then bankrupt corporation for the valuable personal liability of the corporate officer with whom the creditors contracted.

■ Applying the general principle to this case, we do not believe claimant has met his burden of proof. The record is devoid of any evidence indicating claimant exercised the functions of his corporate office. The capacity in which the premiums for compensation coverage were paid is unknown. Similarly, there is absolutely no evidence of record showing claimant was considered an employee. No payroll records were offered, for instance, to show claimant was paid a particular salary or had certain sums withheld for taxes and social security. It is therefore impossible to establish claimant acted in a corporate capacity when dealing with third parties. Despite the fact there may well be coverage for other actual employees of the corporation, as Aetna concedes there is in this case, compensation will be denied to an officer, director or shareholder when the corporate form is disregarded to the extent the person becomes his own employer. See *District 141, International Association of Machinists & Aerospace Workers v. Industrial Comm'n* (1980), 79 Ill. 2d 544, 404 N.E.2d 787; *B. W. Sales Co. v. Industrial Comm'n* (1966), 35 Ill. 2d 418, 220 N.E.2d 405.

■ This conclusion also applies to claimant's second argument. Sufficient evidence was not introduced to support a finding claimant was actively operating within the corporate structure so as to confer upon it *de facto* corporate status for purposes of determining whether claimant is an employee. Except for claimant's self-serving statement that a board of director's meeting was held during 1978, claimant could not remember when, could not remember whether minutes were taken, and freely acknowledged he signed no corporate papers during that year. There is nothing of record which indicated the business was being operated within the corporate form. As such, the Commission's finding "King Truck Sales" was not a *de facto* corporation at the time of claimant's injury and reinstatement should not be given retroactive effect is not against the manifest weight of the evidence.

■ Claimant also argues the Commission committed reversible error by relying on evidence which was not part of the record. During the hearing at arbitration a letterhead bearing the printed title "King Truck Sales" was produced by Aetna. The letterhead did not indicate corporate status and had been used when claimant wrote to Aetna several years after his injuries. Claimant explained this was old, unused stationery printed prior to incorporation which was simply left over. No corporate stationery, however, was produced in rebuttal and no re-

quest for a continuation at arbitration to bring in additional evidence was sought, nor was additional evidence presented at the hearing on review. While we agree that the probative value of this evidence was slight, it was not wholly without materiality. Despite the fact it was not placed in evidence, there was sufficient testimony concerning it which the arbitrator and Commission could properly consider.

Likewise, another defense exhibit, apparently the application for assigned risk, was tendered to claimant during examination but not offered as an exhibit. Testimony concerning this document was, at best, confused. Although the Commission decision makes the general recital that the Commission adopted the findings as to evidentiary matters made by the arbitrator, there is absolutely no indication the Commission's decision was predicated upon the testimony concerning this document. Claimant has not established the Commission relied on improper evidence outside the record in reaching its decision.

■■ ■ Finally, claimant maintains Aetna should be estopped from denying coverage because it accepted premiums. Aetna counters it continued to accept premiums because it continues to extend coverage to claimant's other employees. Upon this basis the Commission found Aetna was not estopped to deny coverage.

Generally, an insurance company is not estopped to deny coverage under the policy. (*Jennings v. Bituminous Casualty Corp.* (1964), 47 Ill. App. 2d 243, 197 N.E.2d 513.) Where estoppel is claimed, the party claiming it has the burden of proving it, and the proof must be clear, precise, and unequivocal. (*Coal Belt Electric Ry. Co. v. Peabody Coal Co.* (1907), 230 Ill. 164, 82 N.E. 627.) Aetna argues that any sole proprietorship is entitled to buy compensation insurance to cover its employees and Aetna has never denied coverage to any employee of the entity "Joseph Romondo, d/b/a King Truck Sales."

The burden was on claimant to establish estoppel. This he did not do. The evidence supports the Commission determination claimant was acting as a sole proprietor rather than exercising corporate powers. It was proper to conclude Aetna was not estopped to deny coverage to claimant because he did not establish he was acting in the capacity of an employee at the time of the injury.

Accordingly, the judgment of the Cook County circuit court is affirmed.

Affirmed.

BARRY, P.J., and McNAMARA, WOODWARD, and CALVO, JJ., concur.