TRAVELERS INSURANCE COMPANY, Plaintiff-Appellant, v. TODD J. BODOH, Defendant-Appellee.

Second District   No. 2—88—0128

Opinion filed November 29, 1988.

Thomas H. Fegan and William V. Johnson, both of Johnson, Cusack & Bell, Ltd., for appellant.

Allan J. Marco, of Marco, Marco & Stefanos, of Downers Grove, for appellee.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, Travelers Insurance Company (Travelers), appeals from an order entered in this declaratory judgment action which directed plaintiff to provide insurance coverage to defendant, Todd Bodoh. Plaintiff contends that the judgment should be vacated and a finding entered in its favor. We vacate and remand with directions.

Defendant purchased an insurance policy from Travelers on approximately August 13, 1985, which insured his 1980 Buick Regal automobile. At some time before November 5, 1985, defendant called his insurance agent, Catherine Clinton, and inquired about the cost of insuring a 1982 Chevrolet Corvette. Clinton gave him a general idea of the price and instructed defendant to call her if he purchased the car.

On November 2, 1985, defendant completed the preliminary application forms for the purchase of a Corvette, on one of which he indicated that the Corvette would be insured by State Farm Insurance Company. On November 5, defendant went to his insurance agency and made the final installment payment on his automobile insurance policy for the period from August 13, 1985, to February 13, 1986, but he did not mention the Corvette to his insurance agent at this time.

The events surrounding the period after November 5 are disputed. Defendant stated that he picked up the Corvette on November 5, and, shortly after, drove to his insurance agent's office to "show off" his new car. He did not remember whether he specifically asked Catherine Clinton to replace the Regal with the Corvette on his policy. Catherine Clinton stated that defendant never notified her that he had purchased the Corvette and that she did not hear from anyone

about the car until she was notified that defendant was in an accident.

On December 20, 1985, defendant was involved in a serious automobile accident while driving the Corvette, and, on the next day, defendant's mother informed Catherine Clinton that he had an accident. On December 27, 1985, Clinton informed plaintiff that defendant had replaced the Regal with a Corvette and that an accident had already been reported.

In mid-January 1986, plaintiff sent defendant a coverage continuation proposal for the Regal automobile for the period from February 13 to August 13, 1986. At the same time, plaintiff requested information about the Corvette's cost, which Clinton provided. Defendant's parents were handling his financial affairs while he was in the hospital, and they paid the first installment on the renewal policy. In February, defendant received a second premium statement, which continued to reflect the Regal as the insured vehicle. Defendant's parents paid the final installment on the policy, and on March 16, 1986, he requested that his coverage be cancelled.

In April 1986, plaintiff filed an action in the circuit court seeking declaration of the rights and liabilities under the policy. Travelers also asked that the court declare that it was not liable for coverage arising out of defendant's accident because defendant had not notified Travelers of the replacement vehicle in a timely manner. A trial was held, and the court found in defendant's favor. In its opinion letter, the trial court framed the key issue as whether:

> "Travelers is estopped from denying coverage on a replacement vehicle when written notice is given more than 30 days after the vehicle is acquired and the carrier has received premiums on the policy billed by its computer listing the old car."

The trial court's opinion letter did not state whether it had made any finding as to notice. On October 27, 1986, when defendant presented the draft order requested by the court, Travelers objected, saying that the order did not specify whether notice was given within the 30-day time period. The judge refused to make the order more specific, stating: "Even if the notice were not 30 days [sic] estoppel applies." Plaintiff's motion to vacate the judgment was denied, and this appeal followed.

■ The first issue we consider is whether Travelers is estopped from denying coverage even if defendant did not give timely notice of the replacement vehicle, as it accepted premium payments on a renewal policy. An insurance company is generally not estopped from denying coverage under a policy (*Romondo v. Industrial Comm'n*

(1988), 171 Ill. App. 3d 838, 844, 525 N.E.2d 1005, 1008), and if a party claims that the company is estopped, he has the burden of proof, "and the proof must be clear, precise, and unequivocal. [Citation.]" *Romando*, 171 Ill. App. 3d at 844, 525 N.E.2d at 1005.

In *Hitt v. Githens* (Ind. App. 1987), 509 N.E.2d 210, the court of appeals of Indiana considered a factual situation similar to the case at bar. In *Hitt*, the insureds purchased a policy to insure two vehicles, and they subsequently replaced both vehicles while the policy was in force, but never informed the insurer, which continued to renew the policy. (*Hitt*, 509 N.E.2d at 211.) In finding that the insurance company was not estopped from denying coverage, the *Hitt* court stated that if the insurer has been exposed to some risk, the insured has received consideration from his premium, and the insurance contract is not void *ab initio*. *Hitt*, 509 N.E.2d at 212-13.

■ We find the reasoning in *Hitt* to be persuasive and also note that section 1 of the Illinois Insurance Code (Ill. Rev. Stat. 1985, ch. 73, par. 613 *et seq.*) provides :

> "Renewal of a policy does not constitute a waiver or estoppel with respect to grounds for cancellation which existed before the effective date of such renewal." (Ill. Rev. Stat. 1985, ch. 73, par. 755.17d.)

It would be incongruous to allow an insurance company to cancel a policy for a breach which occurred before a renewal but not permit it to deny coverage based on an incident which occurred before renewal. We conclude that Travelers is not estopped from denying coverage in this case on the ground that it accepted premiums on a renewal policy.

The pivotal issue here appears to be whether notice of the replacement vehicle was given in a timely fashion as required by defendant's policy. The insurance policy required the insured to notify the insurer within 30 days after the acquisition of a replacement vehicle. While such clauses have been liberally construed (*Coronet Insurance Co. v. Solarz* (1986), 142 Ill. App. 3d 880, 883, 492 N.E.2d 914, 915), they must nevertheless be enforced. See, *e.g.*, *State Farm Mutual Automobile Insurance Co. v. Fahnstrom* (1979), 75 Ill. App. 3d 736, 394 N.E.2d 807.

■■ If, under a policy requiring notice of a replacement vehicle, notice is not given in a timely fashion, the insurer may deny coverage. (*Country Mutual Casualty Co. v. Van Duzen* (1953), 351 Ill. App. 112, 118-19, 113 N.E.2d 852, 854.) In the present case, the trial court explicitly refused to make a finding as to whether defendant gave timely notice of the Corvette replacement car to Travelers. As there was

conflicting evidence on this issue, we will not invade the province of the trier of fact to resolve it in this court.

Accordingly, the judgment of the circuit court is vacated, and the cause is remanded with the following directions: First, the trial court must make a specific finding as to whether or not defendant provided plaintiff with timely notice of the replacement vehicle based on the evidence adduced at trial. If the court finds that notice was timely given, it will enter judgment for defendant. If such notice was not timely, judgment will be entered for plaintiff.

Judgment vacated and cause remanded with directions.

INGLIS and UNVERZAGT, JJ., concur.