THE DEPARTMENT OF REVENUE, J. Thomas Johnson, Director, Plaintiff-Appellee, v. GEORGE G. SEMENEK *et al.*, d/b/a George G. Semenek and Associates, Inc., Defendants-Appellants.

First District (1st Division) Nos. 1—88—2588, 1—88—2589 cons.

Opinion filed February 13, 1990.—Rehearing denied March 14, 1990.

O'Halloran, Kosoff & Miller, P.C., of Northbrook (John O. Demaret and Patricia A. Heeney, of counsel), for appellants.

Neil F. Hartigan, Attorney General, of Springfield (George W. Foster, Special Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

John Sheehy and George Semenek challenge a judgment against them as individuals for failure to pay retailers' occupation taxes. For the reasons below, we affirm.

John Sheehy and George Semenek operated a gas station under the name of George G. Semenek and Associates, Inc., a business incorporated on May 18, 1978 (the Corporation). On December 1, 1980, the Illinois Secretary of State dissolved the corporation for failure to file annual reports and pay franchise taxes. On August 28, 1984, the

Secretary of State reinstated the corporation. During the period of dissolution, Sheehy and Semenek continued to sell gasoline.

In 1982, the Illinois Department of Revenue issued notices of tax liability pursuant to the Retailers' Occupation Tax Act (ROTA) (Ill. Rev. Stat. 1981, ch. 120, par. 440 *et seq.*), for July 1981 through January 1982. The notices were issued to George G. Semenek and Associates, Inc., under the corporation's ROTA registration number.

On July 25, 1984, the Department of Revenue sued Sheehy and Semenek as individuals for failure to comply with the ROTA. Sheehy and Semenek moved to dismiss the complaint on the grounds that the Department of Revenue had sued the wrong parties, claiming that the ROTA liability belonged to the corporation. The motion was denied. Subsequently, judgment was entered on the pleadings against Sheehy and Semenek in the amount of $114,362.73. Sheehy and Semenek appeal.

Sheehy and Semenek argue that under section 12.45(d) of the Business Corporation Act of 1983 (the BCA) (Ill. Rev. Stat. 1985, ch. 32, par. 12.45(d)), reinstatement of their dissolved corporation related back to the date of dissolution and caused the ROTA liability to rest with the corporation, and not with them personally; therefore, the Department of Revenue sued the wrong parties when it brought action against them as individuals. We disagree.

■ Section 12.45(d) became effective on July 1, 1984, and provides:

> "Upon the issuance of the certificate of reinstatement, the corporate existence shall be deemed to have continued without interruption from the date of the issuance of the certificate of dissolution, and the corporation shall stand revived with such powers, duties and obligations as if it had not been dissolved; and all acts and proceedings of its officers, directors and shareholders, acting or purporting to act as such, which would have been legal and valid but for such dissolution, shall stand ratified and confirmed." (Ill. Rev. Stat. 1985, ch. 32, par. 12.45(d).)

Section 12.45(d) codified the doctrine of "relation back" (see *Romondo v. Industrial Comm'n* (1988), 171 Ill. App. 3d 838, 525 N.E.2d 1005; *Regal Package Liquor, Inc. v. J.R.D., Inc.* (1984), 125 Ill. App. 3d 689, 466 N.E.2d 409), which permits a reinstated corporation to ratify actions taken on its behalf during a period of dissolution, and gives those actions legal effect from the time they were taken. But relation back does not transform individual liability to corporate liability (*In re Estate of Plepel* (1983), 115 Ill. App. 3d 803, 450 N.E.2d 1244), nor does it create a legal fiction contrary to the true nature of events,

and such was clearly not the legislative intent of section 12.45(d).

■ Here, the corporation was dissolved in 1980. Sheehy and Semenek chose, however, to continue selling gasoline without reinstating the corporation, evincing the intent to act as individuals. Thus, when Sheehy and Semenek sold gas during the period of dissolution, they assumed a personal obligation to collect and remit the ROTA taxes. Further, the notices of tax liability sent to "George G. Semenek and Associates, Inc.," under the corporate registration number, were sufficient to give Sheehy and Semenek notice of the assessment of liability. (*People ex rel. Scott v. Pintozzi* (1971), 50 Ill. 2d 115, 277 N.E.2d 844.) Section 12.45(d) cannot be invoked to shift individual liability to the corporation, or to impose a legal fiction that belies the real world fact that Sheehy and Semenek sold gasoline, and thus personally assumed the ROTA liability.

■ Further, Sheehy and Semenek's interpretation of section 12.45(d) runs contrary to the purpose and policies of the ROTA. ROTA creates "responsibility for the stewardship of the funds collected from the public for the State." (*Department of Revenue v. Heartland Investments, Inc.* (1985), 106 Ill. 2d 19, 28, 476 N.E.2d 413.) ROTA levies a tax on the retailer for the privilege of operating a business in the State (*People v. Sevilla* (1989), 132 Ill. 2d 113, 547 N.E.2d 117; *Reif v. Barrett* (1933), 355 Ill. 104), and imposes the duty on the retailer to file a retailer's occupation tax return each month and to remit the tax payment. (Ill. Rev. Stat. 1983, ch. 120, par. 422.) To facilitate compliance and collection, ROTA contains a detailed registration requirement and enforcement scheme (see Ill. Rev. Stat. 1983, ch. 120, pars. 440 through 451), including criminal penalties for the willful failure to file or pay the taxes due. Ill. Rev. Stat. 1983, ch. 120, par. 452; *People v. Sevilla* (1989), 132 Ill. 2d 113, 547 N.E.2d 117.

■ Sheehy and Semenek's interpretation of section 12.45(d) would enable the taxpayer to evade the provisions of ROTA. For example, a taxpayer could shift tax liability to a corporation that did not exist when the liability arose, leaving the Department to proceed against a nonexistent or insolvent corporation, in effect making the tax liability judgment worthless. Another, perhaps more serious, problem might arise where criminal charges were brought against the taxpayer. Sheehy and Semenek were not charged with any criminal acts, but if such charges were made, the reinstated corporation would, by Sheehy and Semenek's operation of section 12.45(d), be placed in the dubious position of ratifying the criminal acts of its agents. Clearly, the legislature did not intend for section 12.45(d) to function as an instrument to foil the policies of ROTA, and impose needless and exces-

sive complexity in the administration of the tax laws.

In conclusion, we find section 12.45(d) inapplicable here because it does not transform individual liability into corporate liability. Because section 12.45(d) has no effect, it is unnecessary to address the Department of Revenue's argument that its application here would be retroactive. Accordingly, we hold that the action in debt against Sheehy and Semenek was properly brought, and the judgment of the trial court is affirmed.

Affirmed.

BUCKLEY, P.J., and CAMPBELL, J., concur.