George G. SEMENEK,
Plaintiff/Appellant,

v.

DEPARTMENT OF REVENUE OF
the STATE OF ILLINOIS,
Defendant/Appellee.

No. 93 C 3266.

United States District Court,
N.D. Illinois,
Eastern Division.

April 12, 1994.

David Alan Belofsky, James John Merriman, David A. Belofsky & Associates, Chicago, IL, for George G. Semenek.

John A. Morrissey, Atty. Gen.'s Office, Chicago, IL, for Illinois Dept. of Revenue.

## OPINION AND ORDER

NORGLE, District Judge:

Before the court is plaintiff/appellant George Semenek's ("Semenek") appeal from the United States Bankruptcy Court for the Northern District of Illinois. For reasons that follow, the court affirms the decision of the bankruptcy court.

## BACKGROUND

On December 3, 1991, Semenek filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois. On March 12, 1992, Semenek filed an adversary complaint in bankruptcy court against defendant/appellee Department of Revenue of the State of Illinois ("Department") to determine the dischargeability of two debts he owed to the Department. In response to the complaint, the Department filed a motion for summary judgment on the dischargeability issue.

On April 15, 1993, the bankruptcy court granted the Department's motion for summary judgment, ruling that Semenek's debts to the Department were not dischargeable because they were debts for excise taxes that Semenek had a personal obligation to pay under Illinois law and because Semenek failed to file tax returns for the periods in which he incurred those obligations. In reaching its decision, the bankruptcy court found that the Department's audit papers, which Semenek cooperated in preparing, did not constitute "tax returns" within the meaning of 11 U.S.C. § 523(a)(1). Furthermore,

the bankruptcy court determined that the alleged actions and representations of the Department's auditor during the Department's audit of the corporations did not estop the Department from denying that Semenek filed returns for the period in question.

Semenek's personal tax liability to the Department stemmed from two lawsuits the Department filed against him in 1984 in the Circuit Court of Cook County, Illinois. Semenek was a 15% owner of two Illinois corporations that were engaged in the business of operating service stations: George G. Semenek & Associates, Inc. ("Semenek, Inc.") and John P. Sheehy & Associates, Inc. ("Sheehy, Inc."). Besides owning shares in the two corporations, Semenek was the vice president of Sheehy, Inc. and the secretary-treasurer of Semenek, Inc. The president of both corporations, John P. Sheehy ("Sheehy"), owned the remaining shares.

The Illinois Secretary of State involuntarily dissolved Semenek, Inc. and Sheehy, Inc. in December 1980 for their failure to pay franchise taxes. Notwithstanding the dissolution of corporate status, Sheehy and Semenek continued to operate the gas stations up to August 28, 1984, the date on which the Illinois Secretary of State reinstated both corporations. The Department conducted an audit of both corporations during the Spring and Summer of 1982. The audits revealed that neither corporation filed retailer's occupation tax returns for the period between July 1981 and April 1982. In response to the audit, the Department issued notices of tax liability to the two corporations.

Nonetheless, the Department subsequently sued both Semenek and Sheehy individually in the state court. In the two actions (case numbers 84 L 8228 and 84 L 15738), the Department alleged that Semenek owed taxes under the Illinois Retailer's Occupation Tax Act ("ROTA"), 35 ILCS 120/1, *et seq.* (formally Ill.Rev.Stat., ch. 120, ¶ 440, *et seq.*). Semenek filed a motion to dismiss, maintaining that the ROTA liability belonged to the corporations, not to him individually. The Circuit Court of Cook County denied the motion and entered two judgments on the pleadings in favor of the Department on

April 28, 1988 and July 21, 1988, respectively, in the amount of $114,362.73.

On appeal, the Illinois Appellate Court affirmed that, during the period in which the corporation was dissolved, Semenek engaged in the business of selling gasoline as an individual retailer. *Department of Revenue v. Semenek,* 194 Ill.App.3d 616, 141 Ill.Dec. 321, 322, 551 N.E.2d 314, 315 (1990), *appeal denied,* 132 Ill.2d 544, 144 Ill.Dec. 256, 555 N.E.2d 375 (1990). As such, he was required under the ROTA to file monthly returns and remit tax payments for that period. *Id.,* 141 Ill.Dec. at 323, 551 N.E.2d at 316; *see* 35 ILCS 120/3. Accordingly, the Illinois Appellate Court affirmed the judgment imposing ROTA liability on Semenek individually. It is that tax liability from which Semenek now seeks a discharge through his adversary complaint filed in the bankruptcy court.

### DISCUSSION

On an appeal from an order of the bankruptcy court granting summary judgment, the district court applies a *de novo* standard of review. *Rosen v. Bezner,* 996 F.2d 1527, 1530 (3d Cir.1993); *In re Batie (Investors Credit Corp. v. Batie),* 995 F.2d 85, 88–89 (6th Cir.1993). Semenek appeals the bankruptcy court's conclusion that Semenek had a personal obligation to file tax returns when the State of Illinois issued notices of tax liability to the registered corporation during the period in which it was involuntarily dissolved. Semenek further appeals the bankruptcy court's finding that, even if Semenek was personally obligated to file individual tax returns for the periods in question, the returns were not "constructively" filed by Semenek for the periods in question, and the finding that the Department was not estopped from arguing that Semenek failed to duly file returns more than two years prior to his petition for relief under Chapter 7.

■ The court affirms the finding of nondischargeability by the bankruptcy court. Section 523(a)(1)(B)(i) of the Bankruptcy Code excepts from discharge "any debt [of an individual debtor] ... for a tax or customs duty ... with respect to which a return, if required ... was not filed...." 11 U.S.C. § 523(a)(1)(B)(i). Illinois' retailer's occupa-

tion taxes are excise taxes under the Bankruptcy Code. 11 U.S.C. § 507(a)(7)(E); *see In re Groetken*, 843 F.2d 1007, 1013–14 (7th Cir.1988). Illinois law requires that a return be filed for these taxes. 35 ILCS 120/3.

█ The first issue, whether the bankruptcy court correctly found that Semenek had a personal obligation to file tax returns, can be answered readily. The Department sued Semenek as an individual for failing to comply with the ROTA and a judgment was entered. In Semenek's appeal to the Illinois Appellate Court, he raised the contention that the reinstatement of Semenek, Inc. and Sheehy, Inc. eliminated his personal liability for ROTA obligations incurred during the period of administrative dissolution of these corporations. *Semenek*, 141 Ill.Dec. at 322, 551 N.E.2d at 315. That contention was rejected. *Id.* The Appellate Court stated that Semenek and Sheehy continued "selling gasoline without reinstating the corporation, evincing the intent to act as individuals. Thus, when Sheehy and Semenek sold gasoline during the period of dissolution, they assumed a personal obligation to collect and remit the ROTA taxes." *Id.* The court further noted that the ROTA imposes a duty to file a retailer's occupation tax return and to remit payment, an obligation applicable to Semenek under the ROTA. *Id.*, 141 Ill.Dec. at 323, 551 N.E.2d at 316 (citing Ill.Rev.Stat. ch. 120, ¶ 422 (1983)). The doctrine of collateral estoppel now bars any contrary finding on the issue of Semenek's personal responsibilities under the ROTA.

█ The doctrine of collateral estoppel, or issue preclusion, preserves the intrinsic purpose of civil courts: conclusive and final resolution of civil disputes. *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466 n. 6, 102 S.Ct. 1883, 1889–90 n. 6, 72 L.Ed.2d 262 (1982). The doctrine is designed to ensure the finality of factual or legal conclusions reached by a court in formulating the final judgment. *Id.* Therefore, collateral estoppel prohibits litigants from resurrecting factual and legal issues that were litigated and resolved. *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 913 (7th Cir.1993). "Preclusion is a reason to avoid the toil of reaching an inde-

pendent decision." *Barrow v. Falck*, 11 F.3d 729, 731 (7th Cir.1993).

█ Collateral estoppel applies when a party participates in consecutive lawsuits that are different causes of action, and a controlling fact or question material to both actions was determined in the former suit. *Draper ex rel. Crutcher v. Truitt*, 250 Ill. App.3d 654, 190 Ill.Dec. 333, 336, 621 N.E.2d 202, 205 (1993). To preclude the relitigation of an issue under collateral estoppel, four elements must exist: (1) the issue sought to be precluded is the same issue involved in the prior case; (2) the issue was actually adjudicated; (3) the adjudication was necessary for final judgment; and (4) the party against whom collateral estoppel is invoked was represented in the prior action. *Freeman United Coal Mining Co. v. Office of Workers' Compensation Program*, 20 F.3d 289, 293–94 (7th Cir.1994).

In the state court actions between Semenek and the Department, the issue of personal responsibility under the ROTA was adjudicated and was essential for the entry of final judgment. The appellate court found that the reinstatement of Semenek, Inc. and Sheehy, Inc. did not eliminate Semenek's personal liability for ROTA obligations incurred during the period of administrative dissolution of these corporations. Therefore, for purposes of the adversary action in bankruptcy, the bankruptcy court was correct in finding that Semenek was individually responsible for the ROTA taxes for which no return was filed.

█ Second, the returns were not constructively filed by virtue of the Department's preparation of audit papers. "An individual's tax liability is nondischargeable in bankruptcy when the liability results from the individual's failure to file a return." *In re Bergstrom*, 949 F.2d 341, 342 (10th Cir. 1991). A debtor, therefore, cannot hide behind the Bankruptcy Code in an attempt to escape the payment of these taxes. *In re Haywood*, 62 B.R. 482, 485 (Bankr.N.D.Ill. 1986). Although federal law permits the filing of a substitute return by the United States Internal Revenue Service ("IRS") in some instances, *see* 26 U.S.C. § 6020(b)(1), (2), and this return can constitute the filed

return of the taxpayer if the taxpayer signs it, 26 U.S.C. § 6020(a), there is no such counterpart under Illinois law. Moreover, unless the substitute return is signed by the taxpayer, the substitute return does not excuse the taxpayer from the filing requirement. *Bergstrom,* 949 F.2d at 343 (citing *Moore v. C.I.R.,* 722 F.2d 193, 196 (5th Cir. 1984)). Thus, even an unsigned substitute return under the Internal Revenue Code does not constitute a filed return under the Bankruptcy Code. *Id.; accord In re Crawford,* 115 B.R. 381, 383 (Bankr.N.D.Ga.1990); *In re Pruitt,* 107 B.R. 764, 766 (Bankr. D.Wyo.1989); *In re Hofmann,* 76 B.R. 853, 854 (Bankr.S.D.Fla.1987).

 The Department auditor conducted field audits of the two corporations and was purportedly provided with unfiled tax returns. The auditor compiled audit papers from the information provided during the audit and even kept copies of the tax returns. Semenek, however, failed to present any facts which would demonstrate that the nature of the audit papers prepared by the Department in this case even analogously approaches that of the substitute returns authorized by 26 U.S.C. § 6020(a), (b), especially because Semenek never signed the audit papers. Under 26 U.S.C. § 6020, the Secretary of Treasury actually prepares a formal return and subscribes to it. *Tucker v. United States,* 8 Cl.Ct. 575, 581–82 (Cl.Ct.1985). Moreover, a substitute return may come in the form of a Form 1040. *Bergstrom,* 949 F.2d at 343. A mere audit does not convert work papers into a tax return.

 Semenek's argument that the audit papers should be considered a constructive filing because the Department denied his request to sign them, is equally meritless. Semenek fails to cite any authority that would have required the auditor to allow Semenek to sign the audit papers. The court therefore concludes that the Department's preparation of audit reports does not constitute a filed return under Illinois law and thus does not constitute a filed return under 11 U.S.C. § 523(a)(1).

 Third, the doctrines of equitable estoppel and judicial estoppel do not prevent the Department from claiming that Semenek failed to file returns between July 1981 and April 1982. Semenek contends that he relied upon statements the Department's auditor made to him that it was unnecessary for Semenek to file returns because the audit reports prepared in the Spring and Summer of 1982 would take precedence over any return. He also claims equitable estoppel because the auditor did not allow Semenek to sign the audit papers. He argues that he relied upon these statements and thus did not send the returns that had been prepared. Copies of these returns, he adds, were taken by the auditor. Semenek last claims that the Department is judicially estopped from denying that a return was filed because the Department took an inconsistent position in prior litigation. The court finds Semenek's estoppel arguments unconvincing.

 Semenek failed to present sufficient evidence that could support a verdict in his favor on the issue of equitable estoppel. The general rule in Illinois is that the government is not estopped from collecting taxes that are due because of mistakes or misinformation provided by its agents in collecting the tax. *Philger, Inc. v. Department of Revenue,* 208 Ill.App.3d 1066, 153 Ill.Dec. 815, 819, 567 N.E.2d 773, 777 (1991) (citing *Austin Liquor Mart, Inc. v. Department of Revenue,* 51 Ill.2d 1, 280 N.E.2d 437 (1972)). Of course there are always exceptions to the general rule. Equitable principles may estop the state government in the exercise of its power of taxation or collection of revenue if it would prevent fraud or injustice. *Id.* There is nothing in the record indicating that fraud is present on the part of the Department, or that a great injustice will occur because Semenek is personally held liable for a tax for which he was required to file a return and which he was obligated to pay. Furthermore, the auditor's statements were correct that the audit reports would take precedence over any return. Under § 5 of ROTA, the Department's determination of the tax liabilities of a debtor who fails to file a return is *prima facie* correct and becomes final if no protest is filed within sixty days. 35 ILCS 120/5. This provision, however, did not absolve Semenek of his obligation to file a

**333**

return while he was operating the service station franchises during the period of administrative dissolution of these corporations.

Furthermore, the Department is not estopped from asserting that Semenek failed to file ROTA returns by the doctrine of judicial estoppel. Judicial estoppel precludes a party from taking a position on an issue in a case that is inconsistent with the position that party has taken in prior litigation. *Astor Chauffeured Limousine Co. v. Runnfeldt Inv. Corp.,* 910 F.2d 1540, 1547 (7th Cir.1990). For judicial estoppel to apply, the person against whom estoppel is claimed must have prevailed in prior litigation arising out of the same events by taking a position clearly inconsistent with the position now advanced. *See id.; In re Cassidy,* 892 F.2d 637, 641 (7th Cir.), *cert. denied,* 498 U.S. 812, 111 S.Ct. 48, 112 L.Ed.2d 24 (1990).

In the instant case, the Department has not taken inconsistent positions. The Department alleged in the state action that Semenek was liable because no returns had been filed during the relevant period or, alternatively, because Semenek did not pay the full amount of taxes due and owing. In an amended complaint, the Department alleged Semenek failed to file required ROTA returns. This is the same position the Department took in the adversary complaint in bankruptcy: that Semenek's tax liability is not dischargeable because Semenek failed to file a return as required by ROTA. As a result, the Department was not judicially estopped from asserting that position before the bankruptcy court.

In sum, the bankruptcy court was correct in concluding that Semenek's ROTA tax liabilities are not dischargeable, pursuant to 11 U.S.C. § 523(a)(1)(B)(i), because they are taxes which required the filing of a return, and because a return was never filed. The Department's audit papers did not constitute a return and the Department is not estopped from denying that a return was filed.

### CONCLUSION

For the above stated reasons, the bankruptcy court's decision granting summary judgment in favor of the Department is affirmed.

IT IS SO ORDERED.